### HEWSEY v. QUEENS BOROUGH GAS & ELECTRIC CO.

(Supreme Court, Appellate Term. May 23, 1905.)

GAS—INDEBTEDNESS OF CONSUMER—CUTTING OFF SUPPLY—CREDIT FROM DEPOSIT.

 Transportation Corporations Law, Laws 1890, p. 1149, c. 566, § 68, authorizes a gas company to cut off the supply of a consumer for failure to pay the rent, and section 66, p. 1148, provides for a deposit to be made by the consumer. *Held*, that a gas company is not prohibited from cutting off the supply for failure to pay rent until the amount of the deposit has been used up by charges for gas.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Mary S. Hewsey against the Queens Borough Gas & Electric Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Aaron J. Conlon, for appellant.

William Willett, Jr., for respondent.

SCOTT, P. J. Section 68 of the transportation corporations law (Laws 1890, p. 1149, c. 566) authorizes a gas or electric lighting company to cut off the supply of a customer if the latter shall neglect or refuse to pay the rent or remuneration due. It satisfactorily appears that there was a sum due from plaintiff, and that she neglected to pay, after due notification to and demand upon

those whom she had left in charge of her house. The deposit provided for by section 66 (page 1148) of the same act is not provided for as prepayment of rent, nor is it required to be made for the benefit of the customer, but for that of the company, and the latter is entitled to require that it be kept intact during the continuance of the relation. There is no warrant in the statute for the proposition that the company is prohibited from cutting off the supply of gas until the amount of the deposit has been used up by charges for gas supplied. The defendant was therefore within its rights in cutting off plaintiff's gas and no action will lie for damages therefor.

Judgment affirmed, with costs. All concur.