fendant from the time its liability became determined. Poillon v. Volkenning, 11 Hun, 385. And inasmuch as the defendant defended the suit brought to compel the fulfillment of its undertaking, it is chargeable with the costs thereof. Kip v. Brigham, 7 Johns. (N. Y.) 167. The plaintiff was entitled to enforce his right to the restitution by action if he saw fit. Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589; Ency. of Pl. & Pr. vol. 18, 888 and note, 895 and notes; Doe v. Crocker, 2 Ind. 575.

As to the point made that the case was not properly moved for trial, in that no notice had been served by the plaintiff, and the case, therefore, was not properly upon the calendar, it appears that the Special Term, in allowing the amendment to the complaint, provided:

"Service of said amended complaint shall be without prejudice to the position of the case on the general Trial Term calendar of this court, and that the said case retain its said place upon said calendar."

This provision was within the power of the court. Myers v. Metropolitan El. R. Co., 12 N. Y. Supp. 2, citing cases. The court denied the application that the case be not tried on the ground that:

."Under the rules of the court all applications for postponement are made in part 1 and cases are sent from part 1 to the various trial parts for disposition. I deny this application to adjourn on the ground that all such applications must be made in part 1, and, the case being sent here, I must assume that the court in part 1 has passed upon this application and denied it."

I think that the learned court was correct. Rule 83, Calendar Rules of Trial Term, Kings County. In any event the appellant has not pursued the correct practice to raise the question. Martin v. Hicks, 6 Hun, 74.

The judgment must be modified as indicated, and, as modified, affirmed, without costs. All concur.

---

(118 App. Div. 92)

### POLLITS v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

GAS—REFUSAL TO SUPPLY GAS—COMPLIANCE BY CONSUMER WITH STATUTORY PROVISIONS.

Under Transportation Corporation Law, Laws 1890, pp. 1148, 1149, c. 566, §§ 66, 68, authorizing gas companies to require consumers to make a deposit as security for gas supplied and to shut off gas on their failure so to do, a consumer who has not made a deposit, though demanded, cannot maintain a suit to restrain a gas company from refusing to furnish gas to him because of his refusal to pay more than the rate prescribed by Laws 1906, p. 235, c. 125.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gas, § 7.]

Appeal from Special Term, New York County.

Action by George S. Pollits against the Consolidated Gas Company of New York. From an order enjoining defendant from refusing to continue to supply plaintiff with gas during the pendency of the action, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Shearman & Sterling (John A. Garver, of counsel), for appellant. Clarence J. Shearn, for respondent.

CLARKE, J. This is an appeal from an order granting an injunction pendente lite. The action was brought to restrain the defendant from depriving the plaintiff of the use of gas by reason of the plaintiff's refusing to pay therefor more than at the rate of 80 cents per 1,000 feet, as provided by chapter 125, p. 235, of the Laws of 1906. The complaint is similar to that served in the case of Richman v. Consolidated Gas Co., 114 App. Div. 216, 100 N. Y. Supp. 81, affirmed 186 N. Y. 209, 78 N. E. 871. If the facts in the case at bar were similar to those presented in the Richman Case, the order appealed from would have to be affirmed. The facts, however, differ.

Section 66 of the transportation corporations law (chapter 566, p. 1148, of the Laws of 1890) provides that a gas company may require every person to whom it shall supply gas to deposit with such corporation a reasonable sum of money, according to the number and size of the lights used or required or proposed to be used for two calendar months by such person, and the quantity of gas necessary to supply the same, as security for the payment of the gas rent or compensation for gas consumed to become due to the corporation; and section 68 of said act provides that if any person shall refuse or neglect, after being required so to do, to make the deposit required, the corporation may prevent the gas from entering the premises of such person. It appears by the answering affidavits that, based upon the prior consumption, at the rate of 80 cents per 1,000 feet, the sum of $5 was a reasonable amount to demand from the plaintiff as a deposit to secure the payment of the gas for the ensuing two months at said rate. A demand was duly made upon the plaintiff to make such deposit, as authorized by said section 66 of the transportation corporations law, supra, and the plaintiff refused to comply therewith. There is nothing in chapter 125, p. 235, of the Laws of 1906, fixing the price of gas, which in any way repeals, modifies, or affects the sections of the transportation corporations law hereinbefore cited. Therefore the defendant, by reason of the plaintiff's refusal to make the deposit required, has an absolute right under the statute to cut off his gas. The order appealed from restrains the defendant from exercising that statutory right. Upon this state of facts the judicial discretion of the learned Special Term was improperly exercised. The plaintiff is in no position to ask the intervention of a court of equity in his behalf until he shall have first himself complied with the reasonable and legal demand of the defendant.

It follows, therefore, that the order appealed from should be reversed, with costs, and the application for an injunction pendente lite denied, with leave, however, to renew the same upon proof that said deposit has been made as required. All concur.