(174 App. Div. 13)

### JONES v. RAMSDELL et al.

(Supreme Court, Appellate Division, Fourth Department. May 17, 1916.)

EXECUTION ☞358—SUPPLEMENTARY PROCEEDINGS—EXAMINATION TO SECURE EVIDENCE.

The examination of defendants in supplementary proceedings in respect to the matters alleged in a complaint in another action was properly restrained where plaintiff admitted that the primary object in the supplementary proceedings was not to discover property with which to satisfy the judgment upon which the proceedings were based, but rather to obtain evidence for use on trial of the other action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1091; Dec. Dig. ☞358; Action, Cent. Dig. §§ 117, 141.]

Appeal from Special Term, Erie County.

Action by Lodowick Holmes Jones against Harry T. Ramsdell and others. From an order restraining examination by plaintiff of the defendants in supplementary proceedings, plaintiff appeals. Order affirmed.

Argued before KRUSE, P. J., and FOOTE, MERRELL, and DE ANGELIS, JJ.

Lodowick Holmes Jones, in pro. per.
Charles B. Sears, of Buffalo, for respondents.

MERRELL, J. This is an appeal from an order granted at Special Term, restraining the examination by plaintiff of the defendants, in supplementary proceedings, in respect to the matters alleged in the complaint herein. Prior to the commencement of this action, the plaintiff, for the avowed purpose of obtaining evidence for use upon the trial of this action, procured supplementary proceedings to be instituted upon a judgment theretofore entered against him. Plaintiff admits in his affidavit used in opposition to this motion that he procured one John H. Redmond of New York City to obtain an assignment of the judgment in question, and that plaintiff's wife furnished the funds with which to obtain such judgment. A referee was appointed in supplementary proceedings, a number of witnesses have been examined, and a large volume of testimony taken in such proceedings. In his affidavit opposing this motion plaintiff admits that he is responsible for and controls this proceeding, averring:

"I shall and do control the proceeding by being ready to pay the judgment whenever it pleases me to do so, and I shall not pay it until it has served its full purpose, which is this: * * * To force Ramsdell [defendant] from time to time to give his testimony on point after point herein as same arise."

And further:

"I quite agree with Mr. Sears [of counsel for the· moving parties] that this proceeding 'is being used' to examine before trial parties and witnesses, to use their testimony or admissions upon this trial."

Plaintiff thus freely admits that the primary object of these supplementary proceedings is not to discover property with which to satisfy the judgment upon which the proceedings were based, but rather to obtain evidence for use upon the trial of this action. Such is not the office of proceedings supplementary to execution.

These views are not in conflict with the authorities cited by appellant. Inasmuch as the plaintiff confesses that the proceedings are being continued to obtain evidence for use on the trial of this action, we think the defendants can properly move in this action to restrain further examination therein.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.