Louis Jacobus, Judgment Creditor, v. Michael Seracusa, Doing Business as Colonial Construction Company, Judgment Debtor.

City Court of New York, New York County, December 20, 1932.

*Louis Jacobus*, judgment creditor, appearing in person.

*Wills & Wardell*, for the judgment debtor.

RYAN, J. These are cross-motions, one for an order appointing a receiver of the property of the judgment debtor, and judgment debtor moves for an order vacating the third party order dated October 17, 1932, on the ground of the insufficiency of the affidavit upon which same was granted.

The order for the examination of the third party was granted upon an affidavit of Louis Jacobus, the judgment creditor, verified October 13, 1932, and sets forth as the source of his information and the ground of his belief as to the said judgment debtor's property, that "deponent has a conversation with the attorney representing the said Massachusetts Bonding Company, and the latter informed deponent that the said Company had in its possession the proceeds of a building contract, which proceeds were payable to the said judgment debtor, Michael Seracusa."

Section 785 of the Civil Practice Act provides as follows: "Upon proof by affidavit or other competent written evidence to the satisfaction of the judge, that an execution against property has been issued as prescribed in section seven hundred and seventy-five of this act, and either that it has been returned wholly or partly unsatisfied or that it has not been returned; and also that any person or corporation has personal property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars, the judgment creditor is entitled to an order requiring that person or corporation to attend and be examined concerning the debt or other property at a time and place specified in the order. The judge in his discretion may require notice of the subsequent proceedings to be given to the judgment debtor in such a manner as he deems just. But a receiver shall not be appointed without such a notice, except as otherwise prescribed by law."

There is no direct proof or any written evidence that the third party has property belonging to the judgment debtor, but merely an allegation on information and belief that such is the fact; no time is mentioned when the alleged conversation took place; nor is the name of the alleged attorney for the bonding company set forth. Furthermore, there is nothing shown to indicate that such attorney had knowledge of the facts averred in the judgment creditor's affidavit.

The averments contained in said affidavit seem to me to be insufficient to sustain the order and the same should be vacated.