In the Matter of Supplementary Proceedings: RAY DANIELS, Judgment Creditor, v. HARRY BECKER, Judgment Debtor.

City Court of New York, Special Term, New York County, October 5, 1936.

*Abraham Maranov,* for the judgment creditor.

*Ann U. Berman,* for the judgment debtor.

WENDEL, J. The judgment creditor attempted to institute proceedings by the service of a subpœna on a witness, Junior Clothing Company. The question is whether independent proceedings under article 45 of the Civil Practice Act can be instituted by the service of a subpœna of the judgment creditor's attorney upon a witness when no proceeding for the examination of the judgment debtor or third party has been instituted.

Section 774 declares that proceedings may be instituted under this article: 1. By order of the court. 2. By subpœna of the judgment creditor's attorney, served upon the judgment debtor, a third party or a witness. 3. By warrant issued as in this article provided.

Section 774 further provides that "Examinations of the debtor, third party and witnesses may be had simultaneously or separately, and the close of one or more of such examinations shall not affect the proceedings not concluded."

Article 45 of the Civil Practice Act provides the procedure for the examination of the judgment debtor (§ 775), the procedure for the examination of a third party (§ 779), and procedure for examination of witnesses (§ 782).

Turning our attention to section 782 we find that the examination of witnesses by subpœna is limited as follows: "Until the close of the examination of the judgment debtor or third party or within six months thereafter." This portion of section 782 envisages only three situations: 1. A pending examination of the judgment debtor. 2. A pending examination of a third party. 3. A period of six months after the close of an examination of the judgment debtor or third party.

Thus the conclusion is inescapable that the particular section (782) governs the general section (774). There is no conflict between section 782 and that portion of section 774 which seems to sanction

a proceeding instituted by service of a subpœna upon a witness at any time. Such a subpœna may be issued only where permitted by section 782, that is, within six months after the examination of the judgment debtor or third party has been closed. As for the portion of section 774 which permits simultaneous or separate examinations of the debtor, third party and witnesses, the word " examinations " is not synonymous with the word " proceedings."

In this case the judgment creditor has issued a subpœna to a witness where no proceeding has been instituted against a judgment debtor or third party. Such a course has not been approved by article 45 of the Civil Practice Act.

Motion to reargue motion to vacate the subpœna is, therefore, granted, and upon reargument the original determination is adhered to.