In the Matter of Supplementary Proceedings: PARKE, DAVIS & Co., INC., Judgment Creditor, *v.* LOUIS LEVINE, Judgment Debtor.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third Party.

City Court of New York, Special Term, Bronx County, May 3, 1939.

*Beardsley & Taylor* [*Franklin G. Edwards*] for the third party, movant.

*Herman L. Cohen,* for the judgment creditor, opposed.

DONNELLY, J. The original motion herein was by the judgment creditor " for an order, pursuant to subdivision 2 of section 794 of the Civil Practice Act, directing the third party, Consolidated Edison Company of New York, Inc., to pay and turn over to the judgment creditor herein, the sum of $42.36, with interest from October 3, 1938, out of the deposit sum held by it as security for gas and electric service furnished by said third party to the judgment debtor, or so much of said sum as is presently available in satisfaction or partial satisfaction of the judgment herein." On the return day of said motion there was submitted on behalf of the third party two affidavits, from which it appears that the judgment debtor had deposited with it the sum of fifty-five dollars as security for the payment of bills for gas and electricity consumed by him; that the third party had and was then supplying electricity to the judgment debtor, and that there was then no way to determine whether or not the judgment debtor will be entitled to a refund of his deposit or any part thereof, as his account was then open.

The original motion was returnable March 8, 1939. On March 9, 1939, the motion was granted.

The pending motion is by the third party for a reargument. In the affidavit submitted by the movant, it is alleged that its contract with the judgment debtor terminated on March 21, 1939, at which time the judgment debtor owed the third party forty-seven dollars and sixty cents for electricity and eleven dollars and seventy-two cents for gas supplied. These allegations are not refuted.

The judgment creditor claims that money deposited by a consumer with the third party as security for the payment of gas and electricity furnished to the consumer by the third party, may be attached by a judgment creditor at the time of the service of the third-party subpœna, if there be no outstanding charge against the consumer by the third party at the time of such service. This, upon the ground that the deposit creates the relation of debtor and creditor between the third party and its consumer, and, if at the time of the service of the subpœna there be no such outstanding charge, the amount then on hand with the third party is the property of the judgment debtor in the form of an indebtedness by the third party to such consumer. The third party contends that the fund may not be attached until the account between it and the depositor, its consumer, has been terminated. So far as I have been able to discover, the precise question has never been judicially determined.

Pursuant to the provisions of section 13 of the Transportation Corporations Law (Laws of 1926, chap. 762, § 1), a deposit of money by a consumer may be required by the public utility which

furnishes gas or electricity to the consumer. As there is nothing in the statute which calls for the repayment to the consumer at any specific time of the money so deposited by him, it cannot be determined whether he is a debtor or a creditor of the third party until his account with it is terminated. While the account is open and there are no charges against it at the time of the service of the third-party subpœna, the money so deposited is, in a sense, the property of the judgment debtor. But the third party is entitled to have the fund deposited with it by the consumer as security held intact during the period of its contractual relation with its consumer. (*Hewsey* v. *Queens Borough Gas & Electric Co.*, 47 Misc. 375.) Money deposited in such circumstances is not property of the judgment debtor within the meaning of section 779 of the Civil Practice Act. That statute presupposes, as an indispensable condition of the institution of third-party supplementary proceedings, that the third party has " property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a like sum." It was so held in *Heilman* v. *St. Cloud Restaurant, Inc.* (164 Misc. 15), where the court said: " The statute does not sanction or contemplate the institution of such a supplementary. proceeding if the third party is not, at the time of the institution of the proceeding, then ' indebted to ' or in possession of ' property ' of the judgment debtor." The case just cited involved a possible balance due the judgment debtor upon surrender of its liquor license, pursuant to the provisions of section 127 of the Alcoholic Beverage Control Law (Laws of 1934, chap. 478). Prior to surrender, the refund is a mere possibility; should there be no surrender, there could be no refund.

In *Godfrey-Keeler Co., Inc.,* v. *Regent Laundry & Dry Cleaning Corp.* (N. Y. L. J. Jan. 17, 1939, p. 239), the subpœna was served upon the third party, The New York Edison Co., Inc., October 21, 1936. The account between said third party and the judgment debtor was closed September 6, 1936, at which time the third party had in its possession the sum of $136.90, the balance of $250 which had been deposited with it by the judgment debtor as security for electric service. From this balance of $136.90 the third party deducted as an offset the sum of $82.51, which represented the amount of a judgment it had obtained against the judgment debtor on September 26, 1936, which was a little less than three weeks after the account between the third party and the judgment debtor had been closed, and less than a month before the service upon the third party of the subpœna. After such offset, the balance left of the amount deposited with the third party was the sum of $56.76. This last-named sum was directed by the Appellate

Term, First Department, to be paid over to the judgment creditor, the court holding that the deposit was subject to a proper offset by the third party, regardless of whether the offset was made prior or subsequent to the service upon the utility of the subpoena modifying the order of the court below which directed the payment to the judgment creditor of the sum of $139.27, the amount, with interest, in the hands of the third party at the time the account was closed.

The motion for a reargument is granted; and, upon such reargument, the order made herein the 9th day of March, 1939, on the original motion is vacated.