Estate of LOUIS SCHWARTZ, Deceased, by SOPHIE SCHWARTZ, the Agent, Judgment Creditor, *v.* " JOHN " DUNISHTOCK, Also Known as CHARLES DONNERSTEIN, Judgment Debtor.

City Court of New York, Kings County, February 6, 1941.

*Monroe, Byrne & Kaye* [*John D. Monroe, Arthur A. Kaye* and *Alan Waterman* of counsel], for the motion.

*A. Alfred Sadowsky,* for the judgment creditor.

GOLDSTEIN, J. Motion by Brooklyn Edison Company, Inc., pursuant to section 787 of the Civil Practice Act, to vacate an *ex parte* order made by a justice of this court requiring it to appear as a witness in the supplementary proceedings for examination " concerning the addresses " of the judgment debtor, and to produce all books, papers or records in its possession or control concerning the judgment debtor's " home addresses " for the past twelve years. The judgment debtor is variantly identified in the caption of the proceeding.

The affidavit upon which the order for the examination of the witness was granted was made by counsel for the judgment creditor and recites that a judgment in a specified amount in favor of the judgment creditor against the judgment debtor was rendered in the Municipal Court of the City of New York on September 22, 1929; that the judgment remains unpaid, and that " there is reason to believe that the said witness has information concerning property of the said judgment debtor." The affiant does not state that the belief is his own, or the grounds for the belief. The affidavit also states that the judgment debtor resided at specified addresses in 1929, 1930 and 1933, respectively, but does not show any reason for examining the witness concerning the " addresses " of the judgment debtor.

Although the affidavit refers to information concerning the " property " of the judgment debtor, the order requires the witness to be examined concerning only " the addresses " of the judgment debtor, which obviously are not property of the judgment debtor.

The proceeding is entitled as one brought by the judgment creditor against the judgment debtor, but it does not appear that the judgment debtor has been served with any notice of the institution of the proceeding or of the proposed examination of the witness.

The movant contends that the proposed examination is not authorized by article 45 of the Civil Practice Act, as enacted by chapter 630 of the Laws of 1935, and particularly by section 782 which provides for the examination of witnesses. The proceeding is brought ostensibly under subdivision 1 of section 774, and subdivision 1 of section 782 of the Civil Practice Act. Subdivision 1 of section 774 provides that proceedings under article 45 of the act may be instituted, among other ways, by order of the court served upon the judgment debtor, a third party, or a witness. Subdivision 1 of section 782 provides that " upon proof by affidavit that any person or corporation has or that there is reason to believe that he or it has, knowledge or information concerning property of the judgment debtor exceeding ten dollars in value or concerning any debt owed to the judgment debtor in a like sum, has income or other means for satisfying the judgment, the court shall make an order requiring said person or corporation to attend at a time or place specified in the order to be examined as a witness concerning such property, indebtedness, income or other means for satisfying the judgment." It also provides for the inclusion of a requirement for the production of documents " to discover property of the judgment debtor " or to establish his rights to unexempt property or money.

In support of the motion to vacate, the movant shows that it is a public service corporation operating in the borough of Brooklyn, in the city of New York; that it has at present more than 819,000 consumer accounts and in the past twelve years has had more than 1,000,000 consumer accounts; that within a few days after the granting of the order for examination in this proceeding, the same attorney or counsel caused to be served upon it eight orders (including the instant order) for its examination as a witness and for the production of its books and papers, concerning the addresses of nine alleged judgment debtors, covering a total period of fifty-four years, or an average of six years for each judgment debtor; that, during the first ten months of 1940, like orders or subpœnas in supplementary proceedings for the examination of the movant, allegedly concerning the property of judgment debtors, have been served on it in 328 proceedings; that it is being subjected to harassment, annoyance and substantial expense in investigating and sup-

plying through such proceedings the addresses of judgment debtors who may be or have been its customers during past years, and that attorneys who specialize in the collection of judgments have made it a practice to treat the movant as a convenient and inexpensive source of tracing judgment debtors. The movant further shows that, apart from hearsay information or such occasional information as it may have concerning the credit of its customers, the only information it possesses as to debts owed to its customers relates to deposits made pursuant to section 13 of the Transportation Corporations Law to secure the payment of bills for utility service, which are not the property of the debtor within the meaning of section 779 of the Civil Practice Act. (*Parke, Davis & Co.* v. *Levine,* 171 Misc. 185, 187.)

Counsel for the judgment creditor, in his brief as well as in his answering affidavit, frankly concedes that the sole purpose of the proposed examination of the corporate witness in this proceeding is to discover the present address or addresses of the judgment debtor, but contends that information as to such addresses constitutes " knowledge or information concerning property of the judgment debtor * * * or other means for satisfying the judgment." The term " other means " as used in the statute refers to material resources of the judgment debtor and not to media of information as to his address.

The question thus presented is whether the express purpose for which the examination is sought by the judgment creditor comes within the purview of the statute. The court is mindful of the remedial object of article 45 of the Civil Practice Act to provide an expeditious and summary procedure for the discovery of assets of the judgment debtor which could be applied to the satisfaction of the judgment, and is disposed to construe the provisions of the statute liberally in favor of judgment creditors in order that the salutary object and design of the statute may appropriately be attained. The court is, however, not disposed to give its aid to the use of its process for wholesale and indiscriminate demands upon strangers to the litigation to make extended and costly searches of their voluminous records and to submit to examination, in order to enable counsel for judgment creditors, who have long lost interest in the whereabout of their debtors, to detect clues which may put them on the scent of their debtors, especially where a flimsy assertion is made in an affidavit that the witness is believed to have knowledge concerning the " property " of the judgment debtor but the examination is directed solely to the " addresses " of the judgment debtor.

If the practice followed by the judgment creditor in this and other instances were permitted to go unchecked, every large commercial house and every public utility could be haled to court in the numerous supplementary proceedings and be subjected to examination for no other purpose than to find clues for the detection of the whereabout of judgment debtors. While it is " a duty which every man owes to society to give evidence when called upon to do so in a court of justice " (*Commonwealth of Mass.* v. *Klaus,* 145 App. Div. 798, 801), an intrusion into the records of the witness on the mere chance that something useful to the judgment creditor will turn up is unwarranted and is, therefore, an invasion of the rights of the witness. (See *Federal Trade Comm.* v. *American Tobacco Co.,* 264 U. S. 298, 306; *Pacific Ry. Comm.,* 32 Fed. 241, 251.)

The primary object of a supplementary proceeding under the statute is to discover property with which to satisfy the judgment upon which the proceeding is based. It should not be perverted to other purposes. Thus, in *Jones* v. *Ramsdell, No. 2* (174 App. Div. 13 [Fourth Dept. 1916]), where it appeared that the primary object of the supplementary proceeding instituted by a plaintiff was not to discover property with which to satisfy the judgment upon which the proceedings were based, but rather to obtain evidence for use upon the trial of an action, it was held that the defendants may move in such action to restrain further examination in the supplementary proceedings. The principle of that decision is applicable to this proceeding.

Moreover, the affidavit upon which the *ex parte* order in question was based expresses a bare conclusion, states no facts to connect the witness with a proper subject-matter of examination, and is insufficient to authorize the granting of the order. (*Buell* v. *Van Camp,* 119 N. Y. 160, 165; *Matter of Whitman, No. 1,* 225 id. 1, 9; *Jacobus* v. *Seracusa,* 149 Misc. 213.)

The movant also presents a cogent contention that, since it does not appear that process in this proceeding has been served upon the judgment debtor, the examination of the witness is unauthorized and the court has no jurisdiction to grant an order for examination of the witness, citing among other cases *Daniels* v. *Becker* (160 Misc. 649); *People ex rel. Grant* v. *Warner* (51 Hun, 53; affd., 125 N. Y. 746, on the opinion of BARKER, P. J., below). The right of a litigant to an opportunity to be heard with respect to all matters affecting his interests to be determined in a judicial proceeding is, of course, of the essence of due process. The question thus raised by the movant is whether the procedure followed by the judgment creditor conforms to that criterion. That the

special proceeding may be instituted by the granting of an order for the examination of a witness and that the judgment creditor is entitled to participate in the subsequent stages of the proceeding are clear. The question whether, in the absence of service of notice of the pendency of the special proceeding upon the judgment debtor, personal jurisdiction over him as a basis for judicial relief in this proceeding may be derived from the jurisdiction acquired by the court in which the judgment was recovered or in which it was docketed or from following the mode prescribed for the institution of the special proceeding, is a question which need not now be decided in view of the conclusion reached by the court that the instant order, in so far as it is directed to the witness, is in any event unauthorized and should be vacated. Settle order on notice.