William R. Roy, J.
By this motion, the plaintiff, Paalge, Inc., seeks summary judgment pursuant to OPLR 3212 against the defendant, Niagara Mohawk Power Corporation, on the ground that there is no triable issue of fact and that judgment should be rendered in favor of the plaintiff as a matter of law.
The defendant seeks the same relief on the same ground and asks that the complaint against it be dismissed.
These motions pertain to an action wherein the plaintiff seeks to recover $2,500 which was received by the defendant between *769 September 5, 1965 and September 12, 1966, which money represented a security deposit for utility services rendered and to be rendered to the Hotel Hilton of Syracuse, New York.
Some time prior to 1952 Monthar, Inc. purchased the Hotel Hilton from the Hotel Hilton, Inc. and on July 20, 1965 sold it to three individuals, retaining a mortgage on the property. On November 4, 1965, Paalge, Inc., plaintiff herein, was formed by these three individuals, which assumed all existing mortgages and obligations of the hotel. It is undisputed that the account name — Hotel Hilton, Inc.— was never changed with the defendant, Niagara Mohawk Power Corporation.
On November 6 William Carrigan, Esq. was appointed as Receiver of the hotel property by order of the Supreme Court in a foreclosure action commenced by Monthar, Inc., the mortgagee. The Receiver was in actual control of the mortgaged premises, charged with collecting the rents, paying the bills, and preserving the property from November 6,1967 to February 29, 1968.
The Receiver’s account, which was submitted to the court, indicates disbursements to the defendant for heat and light on December 1,1967, in the amount of $1,026.67 and on January 4, 1968 in the amount of $1,133.14.
The answering affidavit of the defendant, as well as a bill of the defendant, pertaining to the Hotel Hilton, Inc., indicates that its customer was delinquent in paying defendant’s bill for gas and electric services from December 26,1967 to February 1,1968 in the amount of $2,529.32. The security deposit plus interest at that time amounted to $2,542.10 and upon receiving a notice to terminate service to the hotel, the amount owed to defendant was deducted from the security deposit, leaving a balance of $12.78 in the security deposit account.
There is no question that defendant corporation did provide its customer with heat and light during this period.
Some time prior to the appointment of a receiver in the foreclosure action the Hotel Hilton had contracted with the defendant for gas and electric service and pursuant to this contract, a copy of which was not presented to the court, and by virtue of authority granted defendant pursuant to section 13 of the Transportation Corporation Law (now section 120 of the Public Service Law) of the State of New York, the defendant did demand a security deposit in the amount of $2,500, estimated to represent the fees for two calendar months of gas and electric service. Plaintiff contends that inasmuch as the Receiver in foreclosure had the obligation to collect the rents and pay the expenses of *770 the hotel property, that the security deposit should be returned to it inasmuch as it was the assignee of an assignment of the interest of the three individuals who made the security deposit with the defendant.
So far as I have been able to discover, the precise question presented to this court has never been judicially determined.
It has, however, been held that such a security deposit is not the property of the consumer so as to entitle a judgment creditor of the consumer to attach the deposit prior to closing the account of the consumer notwithstanding the fact that there was no outstanding charge against the consumer at the time of the attempted execution. (Matter of Parke, Davis & Co. v. Levine, 171 Misc. 185.)
I find that defendant was under no obligation to surrender the $2,500 security deposit until its relation with its customer was terminated and its bill for services rendered either paid by the Receiver or charged against the security deposit. (See, also, Matter of Schwartz v. Dunishtock, 175 Misc. 860.)
The defendant supplies utility services to virtually thousands of customers throughout the up-State area. It is clear that the Legislature by passage of section 120 of the Public Service Law recognized the necessity of securing payment in order to insure the successful operation of this and similar public utilities. It has been held that a consumer who refused to make a security deposit on demand was not entitled to an injunction restraining the gas company from shutting off his supply of gas. (Pollitz v. Consolidated Gas Co., 118 App. Div. 92.)
Therefore, there being no factual issue requiring submission to a jury, plaintiff’s motion for summary judgment is denied and defendant’s motion to dismiss the complaint is granted without costs to either party.