OPINION OF THE COURT
Lawrence E. Kahn, J.
Petitioner seeks an order vacating a restraining notice dated June 27,1984, by respondent as a judgment creditor of Western Beef House, Inc. (Western), as judgment debtor. Western has posted the security deposit with petitioner to ensure payment of its utility bills.
The motion shall be denied. CPLR 5222 recognizes the validity of a restraining notice which has been served upon an entity such as petitioner. In pertinent part, the statute provides that it is effective if petitioner has custody of property in which the judgment debtor has an interest. All such property “then due and thereafter coming due to the judgment debtor, shall be subject to the notice.” (CPLR 5222 [b]; emphasis supplied.) Western certainly has an interest in its security deposit which must be refunded if the account is current when terminated. Respondent has indicated no present intent to actually seize same, and indeed, acknowledges its inability to do so. However, it validly seeks to prevent the transfer of the deposit back to Western upon termination of the account. Paalge, Inc. v Niagara Mohawk Power Corp. (72 Misc 2d 768) does not require the granting of the request for relief. Therein, the court held that “defendant was under no obligation to surrender the * * * security deposit until its relation with its customer was terminated” *179 (p 770; emphasis supplied). That is precisely the effect of respondent’s restraining order in the case at bar; i.e., surrender of the deposit only upon termination of the account.