■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v DAVID C. YOUNG, as Director of the Division of Buildings and Property Rehabilitation of the City of Syracuse, Appellant.— Order of Onondaga County Court unanimously reversed on the law without costs and order of Syracuse City Court reinstated. Memorandum: During September 1985, respondent Young served a total of 18 information subpoenas and restraining notices upon Niagara Mohawk Power Corporation. Niagara Mohawk instituted a special proceeding in Syracuse City Court seeking a judgment declaring that the debts described in its petition (security deposits by its customers) were not the subject of a restraining notice and requesting that the notices and subpoenas be vacated. The City Court treated the application as a motion pursuant to CPLR 5240, denied the application to vacate, but did direct that Niagara Mohawk be allowed 40 days to respond to the subpoenas instead of the seven days provided by statute (CPLR 5224 [a] [3]). On appeal, County Court reversed the City Court determination and vacated both the subpoenas and notices.

We agree that interest of the debtor in the security deposits held by Niagara Mohawk constitutes property within the meaning of CPLR 5201 (see, ABKCO Indus. v Apple Films, 39 NY2d 670; Matter of Niagara Mohawk Power Corp. [Iocovozzi], 127 Misc 2d 178; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5201:5). However, the court improperly vacated the restraining notices upon the ground that, as a matter of law, the notices lacked the "specificity that the law and due process require." In the court's view, the notices lacked specificity because they did not indicate the source of the property. The statute (CPLR 5222) does not require that the judgment creditor identify the source of the property and since the notice applies to all property in which the garnishee is aware that the debtor has an interest (see, Siegel, NY Prac § 508), there is no need to identify the source. Thus, the court erred by concluding that such specificity was required as a matter of law, and neither party has claimed that such notice is required by due process.

The court vacated the information subpoenas on the additional ground that they lacked specificity by failing to provide the exact name and address where service is provided and constituted a fishing expedition. The applicable statute (CPLR 5223) imposes no such requirement of specificity. Here, the creditor seeks the address of the debtor shown on Niagara Mohawk's records as well as the amount of money held as a security deposit and the account numbers. This information is

relevant to obtaining satisfaction of a judgment *(see,* 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5223.05) and, in the absence of any showing of abuse in the use of the subpoenas, vacatur was unwarranted. (Appeal from order of Onondaga County Court, Auser, J.—vacate subpoenas and restraining notices.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.