## In re VANTINE'S RETAIL STORES, Inc.

District Court, S. D. New York.

June 19, 1930.

David W. Kahn, of New York City, for trustee.

Rushmore, Bisbee & Stern, of New York City, for Chase Nat. Bank.

FRANK J. COLEMAN, District Judge.

The question presented is whether the bank had a right to offset against the balance standing to the credit of the bankrupt's deposit account, an indebtedness owed by the bankrupt to the bank at the time of the filing of the petition. The indebtedness to the bank is undisputed, but the trustee claims that a judgment creditor of the bankrupt had previously acquired a lien upon the deposit which prevents the offset.

On February 21, 1930, a judgment creditor of the bankrupt procured a third party order in supplementary proceedings in the state court which required the Chase National Bank to appear and be examined concerning its indebtedness to the judgment debtor and which restrained the bank from

disposing of or interfering with any property to which the judgment debtor might be entitled. At that time the judgment debtor had on deposit with the bank $3,182.14, which was later reduced by an agreed payment of $1,000. At the same time the judgment debtor had an unmatured indebtedness of $155.81.

A week later, on February 28th, the petition in bankruptcy was filed, and in the meantime no further steps had been taken by the judgment creditor. The trustee who is now subrogated to its rights, claims that the third party order created an equitable lien in favor of the judgment creditor which may now be enforced in favor of the estate in bankruptcy; and that the existence of the lien precludes the bank from exercising the right it would otherwise have to offset the indebtedness to it against the deposit.

It should be noted at the start that the trustee is attempting to accomplish something contrary to the spirit of both the Bankruptcy Law (11 USCA) and the Debtor and Creditor Law of the State of New York (Consol. Laws N. Y. c. 12). Both those statutes contemplated that a bank would have the right to offset such indebtedness against a deposit balance so far as an estate in bankruptcy was concerned. The trustee is seeking to defeat that right, not in the interest of the judgment creditor who obtained the third party order, but in the interest of the estate in bankruptcy.

It is my opinion that the mere service of the third party order with the ordinary restraining provisions did not create a lien either equitable or otherwise in favor of the judgment creditor. Not only was no receiver appointed in the supplementary proceedings, but under the New York Law none could have been because the judgment debtor was a domestic corporation. This particular supplementary proceeding could never, therefore, have developed beyond the stage of the third party order, and the examination under it and the state court could not in that proceeding have ever made a disposition of the deposit. It is true a sequestration proceeding might have been contemporaneously conducted and a receiver appointed in it, but that would be an entirely separate proceeding, and such lien as might arise in it would be entirely unconnected with the supplementary proceeding.

That the mere service of a third party order with the usual restraints did not give rise to a lien was recognized in Becker v. Torrance, 31 N. Y. 631, and Voorhees v. Seymour, 26 Barb. 569. After these cases were decided, the New York Code of Civil Procedure was amended so as to provide that the title of a receiver appointed in supplementary proceedings would relate back to the beginning of the proceeding, and upon the basis of that amendment the New York Court of Appeals, in McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948, enunciated principles which were applicable to supplementary proceedings in which receivers had been appointed, but which I believe have no bearing upon a case where such receiver not only was not appointed, but could not have been appointed. The Appellate Division in the matter of Rader v. Goldoff, 233 App. Div. 455, 228 N. Y. S. 453, held nothing contrary to these views, nor can I see that it even intimated anything inconsistent with them.

The order of the referee is therefore affirmed.