AGNES GRYGOREWICZ, Plaintiff, *v.* DOMESTIC AND FOREIGN
DISCOUNT CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, February 24, 1943.

*Irving C. Maltz* for plaintiff.

*Marvin L. Lothstein* for defendant.

FENNELLY, J. This is an action to remove a cloud on title in the form of a judgment which, it is claimed, is a lien on plaintiff's property; and to enjoin the defendant and the Sheriff from proceeding with the sale of said property for the purpose of satisfying the judgment. The defendant is the holder of the judgment which was docketed in the Kings County Clerk's office May 6, 1938, against Mary A. Pender.

By deed recorded in the Kings County Register's office, May 28, 1940, plaintiff took title to the property in question. Alice Mary Pender was the grantor, and plaintiff the grantee named in the deed.

The aforesaid Mary A. Pender, the judgment debtor, and Alice Mary Pender, grantor, are one and the same person.

I am finding as facts that plaintiff had no knowledge of the existence of the judgment, or that Alice Mary Pender was ever sued as Mary A. Pender, or even known as Mary A. or Mary Pender. Plaintiff was a purchaser in good faith and for a valuable consideration.

On behalf of the plaintiff the judgment record was searched by an experienced title examiner, who examined the judgment docket for the surname under " P." The " P " docket is subdivided alphabetically for the first names and he examined for the first name under " A," and, of course, failed to find this judgment which was docketed under the first name " M."

The question presented is whether the judgment entered against Mary A. Pender constitutes a lien upon the real property of Alice Mary Pender, and whether it was constructive notice to a purchaser from said Alice Mary Pender, who acted in good faith.

Section 510 of the Civil Practice Act, after providing that a docketed judgment shall be a lien for ten years, says: " Provided, however, that no judgment shall be a charge upon the real property of any person unless he be designated by his name in a docket of such judgment in the office of the clerk in the county where such property is located." The name of the owner of the real property here under consideration was Alice Mary Pender, the judgment was docketed against Mary A. Pender. The lien of a judgment is entirely statutory, there being none under the common law, and from a plain reading of the statute this judgment is not a lien. A judgment is not docketed against any particular property, but solely against

a name, and if that name is incorrectly set forth a purchaser in good faith should not be the one to suffer; but rather the creditor, who should see to it that the docketing is in the correct name of the debtor, if it is to be notice to subsequent purchasers.

The defendant contends that, as the statutes prescribing the manner of docketing Kings County judgments (Civ. Prac. Act, § 501; County Law, § 171) only require docketing under the last names of the judgment debtors, plaintiff's title searcher should have searched under all the first-name subdivisions, and should have found the Mary A. Pender judgment and investigated that. Even if search had been made under all first names, the title searcher could properly have assumed that the Pender debtor with the first name Mary was a different person from the Alice Pender he was searching against. Middle initials or names do not count. The law recognizes but one Christian or first name. (*Cornes* v. *Wilkin,* 79 N. Y. 129.) Middle names are frequently taken in honor of some personage, religious or otherwise, or in recognition of some family name or forbear, but are of no legal significance. If this judgment was a judgment against Alice M. Pender and indexed under the wrong subdivision for first names and the title searcher failed to discover it because he only looked under the " A " subdivision, serious consideration would have to be given to *Cole* v. *Vincent* (229 App. Div. 520), one of the cases relied upon by defendant. In that case the Appellate Division in the Fourth Department held that a judgment docketed against Henry L. Cole under the debtor's surname in the proper column, but as to the first name in the column provided for names beginning with the letters A, B, C, D, E instead of the column beginning with the letters F, G, H, I, J, was a lien against the property of said Henry L. Cole and constructive notice as to subsequent purchasers.

The other case relied upon by defendant (*H. R. & C. Co.* v. *Smith,* 242 N. Y. 267) is clearly distinguishable from the present case. The broadest interpretation to be given it is that where full first names have diminutives and contractions that are synonymous, and by everyone and everywhere so recognized, a judgment against any person with one of these first names would be constructive notice to any one taking title to property from any person with any of the said first names, the surname of course being identical. The extent of the decision, however, is contained in its last paragraph from which the following is quoted: " Docketed, as judgments are, alpha-

betically under the surname of the debtor, one finding ' Hedges, Bess ' might well be required to take notice if looking for liens upon property of ' Hedges, Elizabeth.' And that is the extent of our present decision. We are now concerned but with the use of this one diminutive. Should the question ever arise as to others, we will then consider what should be the answer.''

Judgment is granted to the plaintiff for the relief demanded in the complaint, with costs. Judgment to be submitted upon two days' notice of settlement. Pleadings and exhibits may be had from the clerk.