In the Matter of WICKWIRE SPENCER STEEL Co., Judgment Creditor-Appellant, against KEMKIT SCIENTIFIC CORPORATION, Judgment Debtor.

GEORGE F. PICKEN, as Trustee in Bankruptcy of KEMKIT SCIENTIFIC CORPORATION, Respondent.

Submitted January 7, 1944; decided March 2, 1944.

*Sol S. Ostertag* and *Bernard I. Kamen* for appellant. I. The moving affidavit of the trustee in bankruptcy fails to establish any right or title paramount to that of the judgment creditor. (*Lockhart* v. *Garden City Bank & Trust Co.*, 116 F. 2d 658; *Matter of Toms*, 101 F. 2d 617.) II. The trustee in bankruptcy, should have pleaded and proved insolvency at the time the third party order was served. (Bankruptcy Act, § 67; U. S. Code, tit. 11, § 107; *Fischer* v. *Pauline Oil Co.*, 309 U. S. 294; *Liberty Natl. Bank* v. *Bear*, 265 U. S. 365; *Matter of Vantine's Retail Stores, Inc.*, 43 F. 2d 870; *Matter of Delaney*, 256 N. Y. 315; *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635; *McCorkle* v. *Herman*, 117 N. Y. 297; *Burkett* v. *Simmons Hardware*, 52 S. W. 2d 675; *Cobbe* v. *Stowe*, 171 Misc. 687.)

*Charles Raff* for respondent. I. The mere service of a third party subpœna alone does not create a lien. (*Matter of Vantine's Retail Stores, Inc.*, 43 F. 2d 870; *Becker* v. *Torrance*, 31 N. Y. 631; *McCorkle* v. *Herrman*, 117 N. Y. 297; *Matter of City of New York*, [*Neptune & Emmons Aves.*] 165 Misc. 309; *Novey* v. *Novey*, 171 Misc. 672; *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635; *Matter of Raymond & Co.*, 36 Am. B. R. [N. S.] 89; *Matter of Baron Waiser Truck Renting Corp.*, 49 Am. B. R. [N. S.] 599.) II. Respondent is deemed a lien creditor superior

in right and status to appellant by virtue of section 70c of the Bankruptcy Act (U. S. Code, tit. 11, § 110; *Matter of Howe,* 235 F. 908; *Matter of Erie Exposition Assn.,* 19 F. 2d 524; *Matter of Richter,* 40 F. Supp. 758; *Matter of Waynesboro Motor Co.,* 60 F. 2d 668; *Commercial Credit Co.* v. *Davidson,* 112 F. 2d 54; *Ashbaugh* v. *Becker,* 14 F. Supp. 465; *White* v. *Pacific Southwest Trust & Savings Bank,* 9 F. 2d 650; *Johns* v. *United Bank & Trust Co.,* 15 F. 2d 300; *Clark* v. *Snelling,* 205 F. 240; *Janney* v. *Bell,* 111 F. 2d 103.)

THACHER, J. On December 23, 1941, the appellant, having theretofore recovered a judgment against Kemkit Scientific Corporation, caused a third party subpoena in proceedings supplementary to judgment to be served upon National City Bank of New York directing it to appear and attend at the City Court of the City of New York. In order to make effective the restraining provisions of section 781 of the Civil Practice Act, a copy of this section was indorsed on the copy of the subpoena served upon the bank.

Upon a petition in involuntary bankruptcy filed December 27, 1941, the judgment debtor was adjudicated a bankrupt in the United States District Court for the Eastern District of New York on January 10, 1942. The bank having refused to turn over to the trustee in bankruptcy funds on deposit with it to the credit of the judgment debtor, the third party subpoena was vacated on motion of the trustee in bankruptcy by an order of the City Court. This order was reversed in the Appellate Term " without prejudice to the trustee's rights to proceed in accordance with Sec. 67 of the Bankruptcy Act." The Appellate Term made a finding of fact that " the trustee in bankruptcy did not attempt to establish the insolvency of the bankrupt at the time of the service of the judgment-creditor's third party subpoena ". In the Appellate Division this finding was unanimously affirmed but the determination of the Appellate Term was reversed on questions of law and the order of the City Court vacating the subpoena was affirmed, two justices dissenting. A motion for leave to appeal to this court was granted and a question was stated and certified to this court.

The Appellate Division held that the service of a third party subpoena with the ordinary restraining provisions does not

create a lien, either legal or otherwise, in favor of the judgment creditor, citing *Matter of Vantine's Retail Stores, Inc.*, 43 F. 2d 870. In that case it appeared that the third party bank, being a creditor of the bankrupt, claimed the right to set off the amount of the deposit. Here no such claim has been asserted and the question of lien or no lien arises between the judgment creditor and the trustee in bankruptcy.

Proceedings supplementary to judgment in this State furnish a substitute for the creditor's bill formerly used in aid of execution to reach intangible assets of the debtor. The commencement of an action in the nature of a creditor's bill gave rise to a lien upon indebtedness owing by the defendant to the judgment debtor. Similarly, the service of the third party subpœna in proceedings supplementary to execution takes the place of the commencement of a suit under the old system and gives the judgment creditor the priority of a vigilant creditor and a lien upon the equitable assets of the debtor. (*Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635, 648.) As early as 1845, in *Storm* v. *Waddell,* 2 Sandf. Ch. 494, Vice Chancellor Sandford held that the commencement of such a suit created a lien upon the indebtedness owing to the judgment debtor which was not divested or impaired by subsequent proceedings against the judgment debtor under the Bankruptcy Act of 1841. The full and learned consideration of the nature of the lien in the Vice Chancellor's opinion discloses the striking analogy between the commencement of a judgment creditor's suit in aid of execution and the issuance of a subpœna under section 781 of the Civil Practice Act. Under the present Bankruptcy Act (U. S. Code, tit. 11) such liens are not affected by proceedings in bankruptcy when acquired more than four months before the filing of the petition in bankruptcy. (*Metcalf* v. *Barker,* 187 U. S. 165; *Jasper* v. *Rozinski,* 228 N. Y. 349, 356.)

Liens acquired within four months before the filing of a petition in bankruptcy are deemed to be null and void under certain circumstances, as provided in section 67. The applicable words of this section are: " Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy * * * by or against such person shall be deemed null and void (a) if at the time

when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title '' (52 U. S. Stat. p. 875; U. S. Code, tit. 11, § 107).

The judgment creditor, having obtained a lien against the indebtedness of the bank to the judgment debtor by service of a third party subpœna which immediately brought into effect the restraining clauses of section 781 of the Civil Practice Act, may not be divested of such lien except upon proof sufficient under the provisions of section 67 of the Bankruptcy Act to render it null and void.

The order of the Appellate Division should be reversed and that of the Appellate Term affirmed, with costs in this court and in the Appellate Division. The question certified is not answered because there is no provision for the certification of a stated question in an appeal from a final order of the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY and DESMOND, JJ., concur; LEWIS, J., taking no part.

Ordered accordingly.