In the Matter of JOSEPH DANNENBERG, Judgment Creditor, against L. LEOPOLD & Co., INC., Judgment Debtor.

City Court of the City of New York, Special Term, New York County, June 29, 1946.

*Harry Crant* for judgment creditor.

*James Whalen* for Patrick Healy, assignee.

*Emil Pilz* for Cranford Company, Inc., lienor.

*John J. Bennett, Corporation Counsel (Leroy Mandle of* counsel), for City of New York.

*John F. X. McGohey, United States Attorney (Nathan Skolnick of counsel), for United States of America.*

*Nathaniel L. Goldstein, Attorney-General (Jack Garrell of counsel), for Industrial Commissioner, amicus curiæ.*

SCHIMMEL, J. By the service of the third party subpœna upon the City of New York the judgment creditor acquired a lien upon the fund held by the city (*Matter of Wickwire Spencer St. Co.* v. *Kemkit Sci. Corp.*, 292 N. Y. 139). It is, therefore, clear that the right of the judgment creditor is superior to that of Healy, who became the assignee of the fund after the third party subpœna had been served. I do not consider the averments of the judgment debtor's employee, Bova, even if taken at full value, sufficient to establish a binding agreement by Dannenberg, the judgment creditor, to subordinate to Healy.

The motion therefore will be granted to the extent of directing payment by the third party to the judgment creditor Dannenberg under section 794 of the Civil Practice Act, of the sum of $720.98, which is arrived at by deducting from $950 the city's setoff for taxes, amounting to $229.02.

This court cannot direct payment by the third party of any moneys to Cranford Company, Inc., [lienor] as there is no statutory or other authority which would warrant the making of a summary order by this court requiring the third party to pay anything to that corporation. Section 794 of the Civil Practice Act authorizes the making of an order directing a payment to a judgment creditor who has established his right under that statute. It does not provide for payment to anyone other than a judgment creditor. No order under section 794 may be made which is in derogation of the superior interest in the fund of Cranford Company, Inc., and enough of the fund should be left with the city to cover the Cranford claim plus interest, plus possible costs of litigation. For that reason it is directed that the third party, the city, pay to the creditor Dannenberg not $1,040.12, as asked by the latter, but $950, less the amount of the city's setoff for taxes. If there should be a surplus left after Cranford Company, Inc., has been paid in full, the creditor Dannenberg may make another application to take that surplus.

The claim of the United States of America, based upon its tax liens, is subordinate to that of the creditor Dannenberg. This, I think, is the necessary effect of *Matter of Wickwire Spencer St. Co.* v. *Kemkit Sci. Corp.* (*supra*). By the service of the third party subpœna the judgment creditor acquired a vested interest

of which he was not divested when the United States of America subsequently perfected its levy. Concededly this occurred after the third party subpœna had been served. The third party subpœna was served November 2, 1944. The first of the various assessments upon which the Government's claim is predicated was contained in an assessment list received in the office of the Collector of Internal Revenue for the Third District of New York about November 14, 1944, and notice and demand for payment were made the same day. The notice of levy was served by the Collector of Internal Revenue upon the Treasurer and Comptroller of the City of New York on July 16, 1945, and the final notice and demand were served upon the said treasurer and comptroller on November 5, 1945.

The applicable Federal statute provides that the lien of the Government is not " valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector   *   *   *   In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law authorized the filing of such notice *   *   *." (Internal Revenue Code, § 3672, subd. [a], par. [2]; U. S. Code, tit. 26, § 3672, subd. [a], par. [2].)

The government concedes that the notice of lien was not filed as required by the aforesaid statute, but claims that its right to the fund is derived from the service by it upon the City of New York of the notice of levy and warrant of distraint on July 16, 1945. However, the right thus acquired by the United States is " subject to an attachment or execution under any judicial process." (Internal Revenue Code, § 3710, subd. [a]; U. S. Code, tit. 26, § 3710, subd. [a].)

The service of the third party subpœna by this judgment creditor effected an attachment upon the fund; it gave the judgment creditor a legal interest therein, the right of a lienor, superior to any which the Government could acquire by a subsequent levy. In short, when the Government made its levy there was nothing for it to levy upon as, for all practical purposes, the fund had then already been legally appropriated to the use of this judgment creditor.

Whatever view might have been taken before the *Wickwire* case (*supra*) was decided, it is clear now that the service of the third party subpœna gives the judgment creditor a specific lien or interest in the fund which has been subjected to the attaching or injunctive provision contained in such subpœna.

(On reargument, October 2, 1946.)

The motion for reargument is granted. Upon reargument, the original determination is adhered to.

When the third party subpœna was served upon the City of New York there was a subsisting contractual relationship between the city and the judgment debtor. A contract had already been made under which moneys were to become due. It seems to me, therefore, that the third party subpœna did effect an attachment, inasmuch as by the provisions of section 781 of the Civil Practice Act disposition of funds which are to " become due to said judgment debtor " is restrained. The contention made upon reargument that *Matter of Wickwire Spencer St. Co.* v. *Kemkit Sci. Corp.* (292 N. Y. 139, *supra*) is not applicable, because when the third party subpœna was served no funds were then due, is not sustained. The test seems to me to be whether at the time of service of the third party subpœna there was already an existing contractual relationship between the judgment debtor and the third party under which moneys would subsequently become due. Upon those moneys the judgment creditor acquires the same kind of lien as upon sums already owing at the time of service. The lien would fail to attach only if there were no contractual or other similar relationship in being at the time of service of the subpœna (cf. *Kaufung* v. *Doric Shop, Inc.*, 170 Misc. 683).

The Attorney-General of the State of New York appearing as *amicus curiæ* contends that the *Wickwire* case (*supra*) cannot be applicable when the rights of the sovereign are involved; that a lien is not created by the service of a third party subpœna, which takes precedence over the prior right of the sovereign to collect taxes and other debts owing to it. There is, however, no such question before me. There is involved here a claim by the United States of America based upon tax liens. That claim is derived from the service upon the City of New York of a notice of levy and warrant of distraint. The notice of levy and warrant of distraint were served subsequent to the time of service upon the city of the third party subpœna. The applicable Federal statute specifically provides, in so many words, that the right of the United States of America acquired by service of notice of levy and warrant of distraint is " subject to an attachment or execution under any judicial process." (Internal Revenue Code, § 3710, subd. [a]; U. S. Code, tit. 26, § 3710, subd. [a].) Thus, the sovereign has elected to subordinate its right to collect

these taxes to any " attachment or execution under any judicial process" which took effect before service of the Government's notice of levy and warrant of distraint. I consider that the service of a third party subpœna does effect an attachment within the meaning of section 3710. In view of the definition in *Matter of Wickwire Spencer St. Co.* v. *Kemkit Sci. Corp.* (*supra*) of the rights of a judgment creditor who serves a third party order or subpœna, I hold this conclusion to be necessary.