In the Matter of the CITY OF NEW YORK, Judgment Creditor, against CHARLES W. CLOUSE, Judgment Debtor.

Supreme Court, Special Term, Kings County, January 5, 1950.

APPLICATION to vacate injunctive provisions of third-party subpœna.

*John P. McGrath, Corporation Counsel* (*Cornelius F. Roche, Isaac C. Donner* and *Bernard H. Sherris* of counsel), for judgment creditor.

*S. Peter Ellsley* for judgment debtor.

*Kelsey, Waldrop & Spalding* for Colonial Trust Co.

F. E. JOHNSON, J. In this supplementary proceeding in aid of a judgment obtained by the city against the judgment debtor for unpaid sales taxes, a third-party subpoena, containing the statutory provisions (Civ. Prac. Act, § 781) restraining disposition of the judgment debtor's funds, was served on an attorney who has in his possession some $1,500 representing an unencumbered balance of a recovery by the judgment debtor in a tort action.

The moving party, Colonial Trust Co., seeks to vacate the restriction of the subpoena as to it, to the extent of a $267.71 balance due it on a note of the judgment debtor, and interest, and directing the lawyer to turn over that sum to it from the $1,500, free of any claim by the city; it claims an equitable lien on the tort recovery superior to the statutory lien of the city arising out of a sequence of events as follows:

On February 11, 1948, the judgment debtor endorsed and guaranteed payment of a note in favor of the bank and as collateral security gave it a writing expressly assigning for that purpose his interest in any recovery made in his tort action then pending. (The lawyer's lien has been satisfied.)

On October 1, 1948, a warrant was issued by the treasurer of the city of New York to the warrant agent of the city's finance

department to levy and collect the sum of $4,334.16 claimed to be due for unpaid sales taxes against the judgment debtor, Clouse, from November 12, 1945, to August 31, 1948, (Administrative Code of City of New York, § N 41–11.0, subd. b, as amd. by Local Laws, 1945, No. 17 of City of New York, § 1, and Local Laws, 1946, No. 17 of City of New York, § 1). On October 27, 1948, the tort action was settled for $3,000, of which the net proceeds are in the hands of the third party served herein, as escrow. The third-party subpoena herein was served on him the same day.

Regarding the bank's rights as an equitable assignment, the following (6 C. J. S., Assignments, § 92, p. 1150) is pertinent: " An assignee may take priority over creditors, although the assignment is made as collateral merely or for the purpose of paying the assignee and others to whom he has to distribute the money realized, and regardless of the fact whether the moneys assigned are due at the time of the assignment or are to become due thereafter." (See, also, *Fairbanks* v. *Sargent,* 117 N. Y. 320, 333, 337.)

The city was a mere general creditor with no *lien* until the issuance of the warrant on October 1, 1948, (Administrative Code of City of New York, § N 41–11.0, subd. b), upon which basis the city claims an added right to priority payment of taxes by virtue of its sovereignty. But such fact, if true, does not establish insolvency as of a prior date, more particularly as of October of 1948.

Tort claims being nonassignable, the bank could be the beneficiary only of an assignment, since the legal title to the cause of action remained in its debtor-assignor; he continued to prosecute that suit and was at all times thereafter a trustee of any moneys recovered therein. When there was a settlement of the suit, the cash proceeds received were still trust moneys, still held as such by reason of the assignment; the legal title to the money is in whoever holds it, but it is still a trust fund; it does not belong to the judgment debtor.

It is against him that the city has its claim, and it is upon *his* property only that the city can acquire a lien; thus the most that the issuance of the warrant could effectuate would be a lien upon such of those trust moneys as were to come to him after the bank's claim had been satisfied; the warrant cannot have the effect of superseding the bank's claim to these trust funds or giving the city rights in preference to it, except to any money left after the bank's claim has been paid.

Application to vacate the injunctive provisions of the third-party subpoena to the extent of the amount claimed herein by the

moving party is granted; application to direct third party to pay over amount claimed by moving party is denied (*Matter of Dannenberg* v. *Leopold & Co.,* 188 Misc. 250). Settle order.