**In re AIRMONT KNITTING & UNDER-GARMENT CO., Inc.**

No. 234, Docket 21658.

United States Court of Appeals Second Circuit.

Argued May 12, 1950.

Decided June 2, 1950.

Feuer & Kantor, New York City, for appellant; Abraham Kantor and Samuel Feuer, New York City, of counsel.

Hecht & Glaser, New York City, for appellees; Samuel Hecht and Raphael S. Sternfield, New York City, of counsel.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

This appeal presents two questions, the first being the sufficiency of an involuntary petition in bankruptcy filed against the appellant and the second involving the limitation of issues which the court directed to be tried by a jury.

The petition alleged the commission of four acts of bankruptcy under section 3, sub. a(3).[1] As to each alleged act of bankruptcy, the petition charged that the bankrupt while insolvent, suffered or permitted a judgment creditor to obtain a lien on its property by the service of a third party subpoena, with a copy of Sec. 781 of the New York Civil Practice Act endorsed thereon, upon an insurance company which was indebted to the bankrupt, which lien the bankrupt failed to have vacated or discharged within thirty days from the date of service of such third party subpoena.

The bankrupt moved to dismiss on the ground that these allegations which are assumed to be true for the purposes of the motion, do not constitute an act of bankruptcy within the purview of section 3, sub. a(3) of the Bankruptcy Act.

The district court correctly held the petition sufficient. Whether the service of a third party subpoena in supplementary proceedings creates a lien upon the judgment debtor's claim against the third party is a question of state law. 4 Collier on Bankruptcy (14th ed.), § 70.70. Whatever may formerly have been the rule in New York it is now clear that the judgment creditor does obtain a lien by such procedure. Wickwire Spencer Steel Co. v. Kemkit Scientific Corp., 292 N.Y. 139, 54 N.E.2d 336, 153 A.L.R. 208; Dannenberg v. L. Leopold & Co., Inc., 188 Misc. 250, 65 N.Y.S.2d 549, 552; Brenner v. Patrician Restaurant, City Ct., 92 N.Y.S. 2d 246, 248; 4 Remington on Bankruptcy (5th ed.), § 1613, 1950 Supplement. The Wickwire case holds that it is such a lien as is voidable under § 67, 11 U.S.C.A. § 107. No sound reason has been advanced why it should not also be a "lien" within the meaning of § 3, sub. a(3), 11 U.S.C.A. § 21, sub. a(3).

Equally groundless is the appellant's attack upon so much of the order as directed what issues were to be tried by the jury. The court limited these to the bankrupt's insolvency and whether the third party subpoenas bore the endorsement required by § 781 of the New York Civil Practice Act. These would appear to be the only issues on which the bankrupt is entitled to a jury trial under section 19, 11 U.S.C.A. § 42. The appellant's brief asserts that its answer to the involuntary petition in bankruptcy raised additional issues. The answer, however, is not included in the record. But if it raised issues of fact other than insolvency and the commission of the act of bank-

[1] 11 U.S.C.A. § 21, sub. a (3): "Acts of bankruptcy by a person shall consist of his having * * * (3) suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property through legal proceedings and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property."

ruptcy, the court was under no obligation to submit them to a jury, although it might in its discretion refer them for an advisory verdict. See Carpenter v. Cudd, 4 Cir., 174 F. 603, 606; In re Neasmith, 6 Cir., 147 F. 160, 163; In re General Footwear Corp., D.C., (S.D.N.Y.), 54 F.2d 654, 656; 2 Collier on Bankruptcy (14th ed.), § 19.04.

Order affirmed.