**UNITED STATES**

v.

**RUBY LUGGAGE CORP.**

United States District Court
S. D. New York.
June 21, 1954.

J. Edward Lumbard, U. S. Atty., and J. Donald McNamara, Asst. U. S. Atty., New York City, for plaintiff.

Butter & Silverman, New York City, for Walter Hochhauser Leather Co., Inc.

Schwaber & Berman, New York City, for defendants Louis Lefkowitz and Bro., Inc., Benjamin Hallman, d/b/a Reliable Suit Case Co., and Charles Hamburg & Co., Inc.

RYAN, District Judge.

This suit for unpaid assessed income taxes is before me on cross-motions for summary judgment. The parties, by stipulation, have removed all factual issues, and I am asked to determine the priority rights between the Government and judgment creditors in a fund deposited into court by defendants Caledonian Ins. Co. and Fire Asso.

Section 3672(a), 26 U.S.C.A., which provides that the federal tax lien shall not be valid as against a judgment creditor until notice has been filed with the clerk of the district court and as provided by local law, was enacted to mitigate the effects of the judicial determination that a secret federal tax lien was valid against a bona fide purchaser from the taxpayer after the federel lien had been perfected. United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071.

The manner in which the Government filed its lien here is insufficient to secure to it rights superior to judgment creditors who extended credit to the taxpayer subsequent to filing and who perfected their liens against the taxpayer based upon those extensions of credit before the Government perfected its lien.

■ By Section 3672 the Government is required to file its lien (1) "in the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated * * *." Section 922 of the New York County Law, 11 McKinney's Consol. Laws, provides that the County Clerk of New York County shall maintain judgment dockets which "must have a separate volume or volumes for each letter of the alphabet."

"A judgment is not docketed against any particular property, but solely against a name, and if that name is incorrectly set forth, a purchaser in good faith should not be the one to suffer; but rather the creditor, who should see to it that the docketing is in the correct name of the debtor, if it is to be notice to subsequent purchasers." Grygorewicz v. Domestic and Foreign Discount Corp., 179 Misc. 1017, 40 N.Y.S.2d 676, 678.

■ Filing as the Government did herein a lien against "Ruby Luggage Corporation" did not give notice of a lien against "S. Ruby Luggage Corporation". Section 922 requires that liens against corporations be filed in the docket volume corresponding to the first letter of initial of the corporate name. The defendants are not charged with notice of what would be disclosed by a search of the "R" volume; the corporate name is "S. Ruby, etc." and under this section it was required that liens be filed under "S."—the first initial of the corporate name. Since the lien of a tax assessment is entirely statutory, the procedure dictated by the statute must be strictly followed to ensure priority against subsequent judgment creditors with perfected liens. As to defendants Lefkowitz, Hallman and Hamburg, who perfected their judgment liens by serving subpoenae in supplementary proceedings before the Government served notice of levy and warrants for distraint on the defendants Caledonian and Fire Association, the federal lien is invalid for lack of notice.

■■ The situation is different as to defendant Hochhauser. Here the Government served notice of levy and warrant for distraint on defendants Caledonian and Fire Association before judgment was entered against taxpayer in favor of defendant Hochhauser. This amounts to an actual levy by the Collector upon the property of the taxpayer and as such is paramount to the judgment creditor's claim. Sport-Craft, Inc., v. Lasker, 177 Misc. 872, 32 N.Y.S.2d 360. It is clear upon a reading of Sections 3670 through 3672 that it is the lien created by the claim of the judgment creditor which is contemplated and not the claim alone. Miller v. Bank of America, 9 Cir., 166 F.2d 415. In New York, if personal property belonging to a judgment debtor is in the hands of a third party, the lien of the judgment creditor is perfected only

from the date that a subpoena has been served in supplementary proceedings to enforce the judgment. Wickwire Spencer Steel Co. v. Kemkit Scientific Corp., 292 N.Y. 139, 54 N.E.2d 336, 153 A.L.R. 208. Since the Government perfected its lien through distraint and levy prior to the time defendant Hochhauser obtained judgment in its suit against the taxpayer, its rights are superior to those of Hochhauser. Motion granted as to defendant Hochhauser; denied as to other defendants. An order may be settled on notice to give effect to the foregoing.