Mario Pittoni, J.
Motion for an order pursuant to section 794 of the Civil Practice Act directing the Sperry Gyroscope Company to pay to the judgment creditor, Mamco Corp., the *110 sum of $13,706.71 from a sum due the judgment debtor, Treman Electronics and Manufacturing Corp.
The movant’s judgment was obtained on January 26,1960 and a subpoena to examine the Sperry Gyroscope Company was served on that date. In lieu of appearing on the examination, Sperry has admitted that it is indebted to the judgment debtor in a sum in excess of the balance due on the movant’s judgment. To be exact, it admits that $31,516.56 is due the judgment debtor. However, numerous other judgments were obtained and supplementary proceedings commenced after the movant’s judgment and proceeding. The total judgments and a lien filed by the District Director of Internal Revenue for unpaid taxes exceed the sum which is admittedly due. Two of the judgment creditors filed an involuntary petition in bankruptcy for the judgment debtor on April 1, 1960 (see N. Y. L. J., April 4, 1960, p. 2, col. 3). "Liens acquired within four months before the filing of a petition in bankruptcy are deemed to be null and void under certain circumstances * * * (a) if at the time when such lien was obtained such person [debtor] was insolvent”. (Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp., 292 N. Y. 139, 142-143. See, also, Kane v. Lenoble, 82 N. Y. S. 2d 259.)
Here, the judgments were obtained "within a period of two months. Therefore, it is assumed, absent any evidence to the contrary, that when the movant’s lien was obtained the judgment debtor was insolvent. The lien is unenforcible during the pendency of the bankruptcy proceeding. Motion denied.