DEAN CONSTRUCTION COMPANY, Inc., Plaintiff,

v.

SIMONETTA CONCRETE CONSTRUCTION CORP., et al., Defendants.

UNITED STATES of America, Plaintiff-in-Intervention

v.

DEAN CONSTRUCTION COMPANY, Inc., Simonetta Concrete Construction Corp., et al., Defendants-in-Intervention.

United States District Court
S. D. New York.

Feb. 11, 1965.

---

5. Fed.R.Crim.P. 6(e).

**244**

Robert M. Morgenthau, U. S. Atty., S. Dist. of New York, for plaintiff-in-intervention. Arthur M. Handler, Asst. U. S. Atty., of counsel.

Levy, Murphy & Stolz, New York City, for Royal National Bank of New York. Bernard I. Weinstein, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., New York City, for State Tax Commission of the State of New York. Herbert J. Wallenstein, Asst. Atty. Gen., of counsel.

Goldman, Horowitz & Cherno, Mineola, N. Y., for Local Steel & Supply Co., Inc.

LEVET, District Judge.

This is a motion for summary judgment by the United States, plaintiff-in-intervention, in an interpleader action. Cross-motions for summary judgment have been made by Royal National Bank of New York ("Royal") and Local Steel & Supply Co., Inc. ("Local").

The action was originally brought by Dean Construction Company, Inc. ("Dean") to determine which of the creditors of Simonetta Concrete Construction Corp. ("Simonetta") were entitled to $10,000 owed by Dean to Simonetta. Royal, Local, Sargent Building Specialties, Inc. ("Sargent") and the New York State Tax Commission have answered the United States' intervention complaint claiming to be creditors of Simonetta and entitled to all or part of the $10,000 deposited by Dean with this court. The New York State Tax Commission has withdrawn its opposition to the motion of the United States and Sargent has made no response. Therefore, the only claims to the fund that must be considered on this motion are those of Royal, Local and the United States.

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Subsection (e) of Rule 56 further provides that affidavits shall be made on personal knowledge.

The burden is on the moving party to establish that there is no genu-

ine issue as to any material fact and that he is entitled to judgment as a matter of law. Moore, 6 Federal Practice 2123 (1953). "[T]he inferences to be drawn from the underlying facts contained in such materials [e. g., affidavits and pleadings] must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Where there is the slightest doubt as to the facts, a trial is called for. Moore, supra at 2124.

■■ The United States, Royal and Local have each submitted affidavits and Royal and Local have included exhibits. The affidavit submitted on behalf of the United States by Arthur M. Handler, Assistant United States Attorney ("Handler affidavit") was on "information and belief based upon the records and files in the possession of the United States Attorney for the Southern District of New York." This does not meet the personal knowledge requirement of Rule 56(e). However, the facts set forth therein are for the most part also included in the pleadings and a summary judgment motion may be based on the pleadings alone.

Allegations included in the Rule 9(g) Statements of Material Facts which have been submitted may not be considered unless supported by pleadings or affidavits.

## FACTS

The $10,000 fund was created as follows:

1. On or about May 21, 1958, Dean and Simonetta entered into a sub-contract for the performance of certain work by Simonetta relating to the construction of the White Plains Senior High School. (Dean complaint, pars. 7, 8)

2. On or about July 22, 1959, Simonetta filed a notice of lien against Dean with the Treasurer of the Board of Education of the City of White Plains, New York, in the amount of $446,200.09. (Dean complaint, par. 10)

3. On or about November 17, 1960, Simonetta commenced an action in the Supreme Court, New York County, against Dean and its surety to foreclose the lien mentioned above. (Dean complaint, par. 12)

4. On or about December 1, 1961, the lien foreclosure action was settled in favor of Simonetta for $10,000 which is now on deposit with this court. (Dean complaint, par. 12)

The creditors of Simonetta competing for the $10,000 assert the following claims:

(1) The United States is the creditor of Simonetta for $89,295.43 plus interest in unpaid taxes. The taxes were assessed and notices of lien filed as follows:

| Assessment Date | Outstanding Balance | Notice and Demand Issued | Notice of Lien Filed |
|---|---|---|---|
| 12–24–58 | $ 1,894.98 | 12–24–58 | 3–20–59 |
| 3–25–60 | 694.66 | 3–25–60 | 5–17–60 |
| 3–4–60 | 766.90 | 3–7–60 | 5–17–60 |
| 4–1–60 | 3,510.91 | 4–1–60 | 6–3–60 |
| 4–8–60 | 22,386.97 | 4–8–60 | 6–3–60 |
| 9–30–60 | 282.38 | 9–30–60 | 12–5–60 |
| 4–1–60 | 20,036.04 | 4–1–60 | 6–3–60 |
| 4–1–60 | 38,921.15 | 4–1–60 | 6–3–60 |
| 9–30–60 | 502.80 | 9–30–60 | 12–5–60 |
| 9–23–60 | 255.78 | 9–23–60 | 12–5–60 |
| 9–30–60 | 62.86 | 9–30–60 | 12–5–60 |
| Total | $89,295.43 | | |

(United States intervention complaint, par. 5)

(2) Local has a judgment against Simonetta in the amount of $293.76 which was filed on October 1, 1959. (Local answer, pars. 4, 6; Local answer to intervention complaint, pars. 4, 6) Execution was issued to the Sheriff of Westchester County on or about the 9th day of October, 1959 as shown by copies of correspendence with the Sheriff around that date. (Affidavit of Isidore Cherno, attorney for Local, pp. 2–3)

(3) Royal has a judgment against Simonetta in the amount of $24,041.50 which was filed on June 13, 1960. (Royal answer, par. 7; Royal answer to intervention complaint, par. 7) Simonetta assigned accounts receivable to Royal on May 20, 1959 in connection with loans and/or extensions of credit which had been made by Royal to Simonetta. The assignment included an account receivable from Dean for $61,563.95 and one from M. E. Maloney & Co., Inc. for $45,-300. (Affidavit of Anthony J. LePage ("LePage Affidavit"), Assistant Vice President of Royal, p. 2)

## DISCUSSION

■■■ The competition among the asserted claims must be decided by ascertaining when each was perfected or developed into a choate lien. The priority of the federal tax lien as against the state-created liens which arise from the judgments and the assignment is governed by the common-law rule, "the first in time is the first in right." United States v. New Britain, 347 U.S. 81, 85–86, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954). "It is critical, therefore, to determine when competing liens, whether federal—or state-created, come into existence or become valid for the purpose of the rule." United States v. Pioneer American Ins. Co., 374 U.S. 84, 87, 83 S.Ct. 1651, 1654, 10 L.Ed.2d 770 (1963).

■■ Federal tax liens are created when an assessment is made, except as otherwise specifically fixed by law. 26 U.S.C. § 6322. As against mortgagees, pledgees, purchasers and judgment creditors a statutory provision provides that a tax lien is perfected upon the filing of notice. 26 U.S.C. § 6323. The tax liens on which the United States bases its claim are choate since both assessment and filing have taken place.

■■ A judgment in and of itself does not constitute a lien upon any property unless made so by statute. Miller v. Bank of America, 166 F.2d 415 (9th Cir. 1948); see United States v. Ruby Luggage Corp., 142 F.Supp. 701 (S.D.N.Y. 1954). Under New York law a judgment lien is acquired against the personal property of a judgment debtor by delivering an execution to the sheriff, N.Y. Civil Practice Act, § 679; N.Y.C.P.L.R. § 5202; In re Vanity Fair Shoe Corp., 84 F.Supp. 533 (S.D.N.Y.1949); Rev. Rul. 53–225, Cum. Bul. 1953–2, 467, and as against funds of a judgment debtor in the hands of a third party, upon the service of a third party subpoena and restraining order in supplementary proceedings, N.Y. C.P.A. § 781; N.Y.C.P.L.R. § 5222; In re Airmont Knitting & Undergarment Co., 182 F.2d 740 (2d Cir. 1950); United States v. Ruby Luggage Corp., supra; Rev. Rul. 54–125, Cum. Bul. 1954–1, 282.

■■ Royal has made no allegation in the papers on file that execution was issued or a third party subpoena served pursuant to its judgment. Therefore, it is clear that Royal did not perfect a judgment lien. On the other hand, Local has made a showing by affidavit and exhibit that it issued execution on its judgment. However, as noted above, execution is insufficient to create a lien against funds in the hands of a third party. Therefore, Local's judgment lien is ineffective as against the $10,000 deposited by Dean with this court.

■■ On the basis of the pleadings and affidavits filed herein, it is clear that Royal and Local have not acquired judgment liens on the $10,000 fund. "Choate state-created liens take priority over later federal tax liens, * * * while inchoate

liens do not." United States v. Pioneer Ins. Co., supra at 88, 83 S.Ct. at 1655. Therefore, the United States has a right to the fund on deposit with the court prior to Royal or Local based on their judgments.

In order to decide whether judgment is warranted in the dispute between the United States and Royal based on its assignment, it must be determined whether either movant has sustained its burden in showing that no genuine issues of material fact remain to prevent a conclusion that the assignment had or had not matured into a choate lien. Neither the pleadings nor the affidavit of the United States contain allegations regarding the assignment.

At least two factors must be present for an assignment of accounts receivable to mature into a choate lien. First, where the assignment is made to secure a debt, as here, the debt must be outstanding before a lien against it is perfected. In other words, "an assignee's or mortgagee's lien to secure future indebtedness of the taxpayer-debtor" is inchoate. United States v. Pioneer Ins. Co., supra at 91, 83 S.Ct. at 1656. However, "the fact that the assignment was * * [to secure a future indebtedness] does not make it unperfected or inchoate as to money advanced to and due from the taxpayer at the time of the federal tax lien notice." United States v. L. R. Foy Constr. Co., 300 F.2d 207, 211 (10th Cir. 1962).

The LePage affidavit submitted on behalf of Royal states only that Simonetta executed and delivered the assignment of accounts receivable to Royal "in connection with the loans and/or extension of credit which had been made by defendant Royal * * * to Simonetta." I do not regard this bare and somewhat indirect assertion to be sufficient to establish that Simonetta's assignment was to secure only past indebtedness. A stronger showing is required.

Second, the account receivable which is assigned must itself be specific and definite to create a choate lien. Thus, where the receivable is for services rendered, as here, the assignment will be choate only after the work has already been performed. United States v. Pay-O-Matic Corp., 162 F.Supp. 154 (S.D.N.Y.), aff'd 256 F.2d 581 (2d Cir.), cert. denied 358 U.S. 830, 79 S.Ct. 50, 3 L.Ed.2d 68 (1958). This proposition is supported by United States v. Crest Finance Co., Inc., 368 U.S. 347, 82 S.Ct. 384, 7 L.Ed.2d 342 (1961), (per curiam), where the Supreme Court adopted the concession of the Solicitor General to the effect that an assignment lien was choate because the assignment was of amounts due under the terms of a contract for work already performed. (Memorandum of the United States, p. 5, United States v. Crest Finance Co., Inc., supra)

Copies of the assignment and of a subcontractor's payment requisition from Dean have been annexed to Royal's affidavits. The assignment states: "That the foregoing accounts represent bona fide accounts, and the amounts set forth are due and owing to the Assignor." The sub-contractor's payment requisition discloses that Simonetta's net requisition from Dean for the work period April 1, 1959 to April 30, 1959 was $61,563.95.

The copies of the assignment and requisition are some evidence that the account receivable due from Dean to Simonetta was for work already performed. However, its impact is softened by the fact that litigation took place between Dean and Simonetta with reference to the same subcontract under which the account receivable arose. (Dean complaint, pars. 7–12) Therefore, I conclude that Royal has not met its burden in establishing that the account receivable from Dean was for work already performed.

I cannot conclude that there is no real doubt as to the existence of genuine issues with respect to the past or future character of the credit extended by Royal to Simonetta and the completion of the work performed by Simonetta for Dean rendering the as-

signed account receivable due. No showing has been offered relating to the Maloney account receivable which was also assigned. Therefore, a trial is warranted on the question of whether the assignment held by Royal matured into a choate lien. A decision should not be based on an interpretation of "incomplete and ambiguous affidavits." Miller v. General Outdoor Advertising Co., Inc., 337 F.2d 944 (2d Cir., October 27, 1964).

Despite the fact that genuine issues of material fact preclude a conclusion as to when Royal's assignment lien became choate, it is clear it could not have been perfected prior to the date of the assignment on which it is based, May 20, 1959. (LePage affidavit, p. 2) The first tax lien filed by the government against Simonetta was for $1,894.98 on March 20, 1959. (United States intervention complaint, par. 5) As to this the United States would prevail over Royal since it is first in time. As noted earlier, this claim of the United States also takes priority over the claims of all other parties to the action.

■ Under Rule 54(b) a final decision may be granted as to less than all the claims in a multiple claim action where there is no just reason for delay. This rule is applicable to a motion for summary judgment. Moore, 6 Federal Practice 2308, 2310 (2d ed. 1953).

■ An interpleader action is a multiple claim action due to the rival claims of the interpleaded parties to the action. Moore, 6 Federal Practice 253 (2d ed. 1953). Therefore, the present case is suitable for the application of the rule. See Republic of China v. American Express Co., Inc., 190 F.2d 334, 336, 337 and cases cited at 337 (2d Cir. 1951).

■ The disposition of some but not all the claims to the fund in issue on this motion is the most expeditious way of handling the present motion. The existence of genuine issues of fact regarding a claim advanced by Royal will not here affect the outcome of the case respecting any other parties except the United States. It is clearly in the spirit of the Federal Rules that all constructive results be salvaged from a motion for summary judgment. See F.R.Civ.P. 56 (d). Therefore, I see no reason to delay the entry of judgment on those claims not dependent on remaining factual issues for their disposition.

Judgment should be entered for the United States in the amount of its earliest filed notice of lien, $1,894.98, against all other parties herein. Further, as to the remaining $8,105.02 of the $10,000 fund on deposit with this court, judgment should be entered dismissing the claims of all parties to the action except the United States and Royal insofar as its assignment of accounts receivable is concerned.

The only dispute remaining for trial, then, is that between the United States, based on its tax liens other than that filed March 20, 1959 in the amount of $1,894.98, and Royal, based on its assignment of accounts receivable. The amount in dispute is the $8,105.02.

Settle order and judgment on notice promptly in accordance with this opinion, including a direction that the residual issues be tried.