■ BANK OF NOVA SCOTIA, Respondent, v. JOAN G. VAN DE MAELE et al., Respondents, and MEADOW BROOK NATIONAL BANK et al., Intervenors-Appellants.— Order and judgment (one paper) confirming the report of the Special Referee, denying the cross motion to disaffirm said report and directing respondents to pay over to petitioner certain income of a trust for the benefit of respondent Joan G. Van De Maele, unanimously affirmed, with $50 costs to petitioner-respondent. Petitioner-respondent served its third-party subpoena with restraining notice upon the trustee on May 7, 1963. Thereby a " proceeding " was commenced. (Civ. Prac. Act, § 774.) The service of the subpoena gave rise to an equitable lien upon the trust income for the benefit of the judgment debtor, the respondent Joan G. Van De Maele. (*Matter of Wickwire Spencer Steel Co.* v. *Kemkit Scientific Corp.*, 292 N. Y. 139, 142.) The CPLR became effective September 1, 1963. (CPLR 10005.) It provides against retroactive application to prior proceedings when the court finds that such retroactivity would work injustice. (CPLR 10003.) That would be the situation here since some sort of lien, cognizable in equity, had attached under the rule in the *Wickwire* case (*supra*). Hence, we are not required to pass on the effect of CPLR 5234 (subd. [c]). (Cf. *City of New York* v. *Panzirer*, 23 A D 2d 158.) Moreover, the repeal of the Civil Practice Act (CPLR 10001) did not affect the prior lien of the petitioner-respondent.

(General Construction Law, § 93.)    Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.