In the Matter of Supplementary Proceedings, JACOB HEILMAN and Another, Doing Business as BROOKLYN HOTEL SUPPLY COMPANY, Judgment Creditors, *v.* ST. CLOUD RESTAURANT, INC., Judgment Debtor.

City Court of New York, New York County, October 26, 1936.

*P. Benjamin Kaufman,* for Jacob Heilman and Emil A. Gunther, judgment creditors.

*Jacob F. Gottesman,* for R. O. W., Inc., judgment creditor.

*Morris Rubenstein,* for Herbert X. Blum, judgment creditor.

*Isidore Frank [Milton S. Harrison* of counsel], for Edwin Boker, Inc., judgment creditor.

*Nathaniel T. Helman,* for American Spirits, Inc., judgment creditor.

*John J. Bennett, Jr., Attorney-General [Gerald J. Carey* and *George F. Mullay, Assistant Attorneys-General,* of counsel], for Comptroller of State of New York.

*David J. Rosen,* for wage claimants.

MADIGAN, J. This is a motion under section 794 of the Civil Practice Act for a permissive order directed to the Comptroller of the State of New York. The moving party, a judgment creditor of a liquor licensee, mailed from the city of New York a third-party subpœna to the Comptroller of the State of New York at Albany, the subpœna being received by the Comptroller on February 18, 1936.

Passing over the question whether such service would be effectual in view of section 27 of the New York City Court Act (as amd. by Laws of 1933, chap. 597), it appears that on February 18, 1936, there was no property which could be affected by the third-party subpœna. The license was not surrendered by the judgment debtor until February 25, 1936. At the time of the receipt of the third-party subpœna the Comptroller was in no way indebted to the judgment debtor and was not actually or constructively in possession of any money or property to which the judgment debtor was entitled or to which the judgment debtor had any right whatever.

The Comptroller would be subjected to a most unreasonable burden if required to record and take cognizance of all third-party subpœnas or orders served in relation to licensees who had not surrendered their licenses. It is by no means inconceivable that a judgment creditor might serve a subpœna though the debtor was then operating a going business. In such a case, in view of the many thousands of licenses in force throughout the State, the Comptroller could not be expected to give effect to the third-party subpœna or order in the event of a surrender of license at a later time, perhaps at a much later time.

With certain restrictions, there is a statutory right to surrender and obtain a refund as fixed by the statute. (Alcoholic Beverage Control Law, § 127.) But prior to surrender, the refund is a mere possibility; for should there be no surrender there will be no refund. The right to surrender the license in the future does not presently create the " property " or " indebtedness " referred to in section 779 of the Civil Practice Act.

In this connection, it should be borne in mind that section 779, Civil Practice Act, presupposes, as an indispensable condition of the institution of third-party supplementary proceedings, that the third party has " property of the judgment debtor exceeding ten dollars in value, or is indebted to him, in a like sum." The statute does not sanction or contemplate the institution of such a supplementary proceeding if the third party is not, at the time of the institution of the proceeding, then " indebted to " or in possession of " property " of the judgment debtor.

Neither at the time of the mailing of the third-party subpœna by the moving parties, nor at the time of its receipt by the Comptroller, had the judgment debtor surrendered its license. It was possible that the judgment debtor would not surrender its license during its term and that, accordingly, a refund would never be even in contemplation. Under such circumstances, there was no justification for service of the third-party subpœna and there could not be justification for giving effect to it.

It is not necessary to consider the effect of the possible submission to the jurisdiction of this court by the Comptroller on April 15, 1936, on which day his representative made an affidavit in this proceeding. In March, 1936, respondents on this motion, opposing the same, served the State Comptroller at Albany in third-party proceedings instituted in Albany county. The judgments upon the basis of which said proceedings were instituted exceed in the aggregate the amount of the refund held by the Comptroller. Assuming that after the creation of a fund or property the Comptroller might have given validity to the third-party proceeding instituted by the moving parties on this application, nevertheless the third-party proceedings in Albany county intervened.

While the motion is made on behalf of three judgment creditors, their position is the same so far as this application is concerned.

The motion is denied.