In the Matter of Supplementary Proceedings: JOSEPH KAUFUNG, Judgment Creditor, *v.* DORIC SHOP, INC., and ANTHONY STARK, Judgment Debtors. (PIERRE DUTEL, Third Party, Respondent.)

City Court of New York, New York County, January 14, 1939.

*Melton, Ginsberg & Arkin,* for the motion.

*Schlesinger & Schlesinger,* in opposition.

SCHIMMEL, J. This is an application to punish a third party for contempt. The judgment creditor submits that, in violation of the injunctive provisions of a third-party order signed by a justice

of this court on January 22, 1937, and served on February 1, 1937, the respondent paid to the judgment debtors, a corporation and an individual connected therewith, various sums of money aggregating over $5,000. There is due on the judgment, which was entered in January, 1935, $2,641.25, and interest. All of these payments by the third party were for work, labor and services rendered and materials furnished to him by the judgment debtors after the service of the third-party order. At the time the third-party order was signed, and when it was served, the respondent was not indebted to the judgment debtors. The latter, makers of curtains and draperies, had, on prior occasions, done work for the third party, an interior decorator, but for this work they had been fully paid.

At the time of issuance and also at the time of service of the order the third party was not only not indebted to the judgment debtors, but there was then no subsisting contractual relationship between them. Thereafter the third party gave orders for work and materials to the judgment debtors and, from time to time, as these orders were completed, made the above-mentioned payments. Thus, the question is whether one served with a third-party order or subpœna may thereafter make a contract with the judgment debtor and pay moneys falling due thereunder without regard to the restraint imposed by the third-party order or subpœna.

Before the enactment of the amendments to article 45 of the Civil Practice Act, which took effect September 1, 1935 (Laws of 1935, chap. 630), injunctive provisions of third-party orders and subpœnas applied only to moneys due at the time of institution of the proceeding. But this is no longer so. The germane portion of subdivision 1 of section 779 of the Civil Practice Act, which relates to third-party orders, as it now reads, after some further amendments not material here, provides: " Such order may also contain a provision restraining the third party from making or suffering any transfer or other disposition or other interference with any property belonging to the judgment debtor or to which he may be entitled, or from paying out any money due or to become due to such judgment debtor, until the further order of the court, and such further direction as the court may deem proper." There is a similar provision relating to third-party subpœnas. (Civ. Prac. Act, § 781.) However, these statutory provisions, intended to restrain the payment of moneys " to become due " to a judgment debtor, seem properly applicable only to moneys which may become due or accrue as the result, at least, of some contractual or other legal relationship subsisting between the third party and the judgment debtor at the time of the issuance of the third-party order.

For subdivision 1 of section 779 is explicit in providing for the making of a third-party order only upon proof that the third party "has property of the judgment debtor exceeding ten dollars in value, or is indebted to him, in a like sum," or that there is reason to believe so. Subdivision 2 of section 779 contains a provision equally explicit, written in the present tense. There is no statutory authority for the issuance of a third-party order or subpoena upon proof that the third party may become indebted, or incur an obligation, to the judgment debtor at some future time. (*Heilman* v. *St. Cloud Restaurant, Inc.*, 164 Misc. 15.)

If the judgment creditor's contention were to be adopted it would follow that a judgment creditor may serve third-party orders or subpoenas upon any persons with whom the judgment debtor might thereafter be likely to have a business relationship and that persons so served could not thereafter make any contracts with the judgment debtor calling for payments to him which they would be expected to meet, nor could they give him any work or orders, for a payment would be an act in contempt of court. No better plan than this could be devised for cutting off a judgment debtor from all business contacts or relationships and virtually rendering him powerless to engage in the activities by which he earns his living. Manifestly this result was not intended by the statute.

Aside from the payments made by the third party to the judgment debtors for work and materials, the judgment creditor also calls attention to a payment on October 19, 1938, of twenty-five dollars for storage charges covering merchandise stored by the third party with the judgment debtors in September, 1938. The arrangement for storage was also made long after the institution of the third-party proceedings.

The motion to punish respondent for contempt of court is denied.