GRIMM BUILDING MATERIAL Co., INC., Plaintiff, *v.* HAROLD R. WILCOX, Doing Business as WILCOX HOME IMPROVEMENTS, Defendant.

In the Matter of the Examination of JAMES KEEHER, Third Party, in Proceedings Supplementary to Judgment. GRIMM BUILDING MATERIAL Co., INC., Judgment Creditor.

City Court of Albany, December 13, 1949.

*Nathan H. Richman* for judgment creditor.

*Warner M. Bouck* for third party.

HERZOG, J. The question at issue is this: Can a judgment creditor restrain the payment by a third party to a judgment debtor of funds which would become due upon completion of a contract between the judgment debtor and the third party? No funds are due now, but a balance would become due upon completion of the work under the contract. However, the third party's testimony upon the examination is that the debtor has breached the contract by walking off the job and that nothing will ever become due under it.

The facts appear to be as follows: The judgment debtor Wilcox had entered into a contract with Keeher, the third party, for the repair and improvement of certain premises owned by Keeher. In accordance with the contract, Keeher had paid to Wilcox the sum of $4,000. The contract further provided that: " * * * the full balance in cash or certified check at the completion of said work, and within twenty four hours. $4225.00." A third-party subpœna has been served upon Keeher and he has appeared and was examined before me. The subpœna also contained the usual restraining order authorized by section 779 of the Civil Practice Act, and Keeher has been restrained from making any payments for the work done on his premises.

Keeher testified that he had paid the sum of $4,000 required as a deposit on this contract, and Wilcox had partially completed the work. Some two months before the examination, Wilcox had apparently " walked out " on the contract and had personally received no further payments. However, Keeher had paid workmen, who had formerly been in the employ of Wilcox, and had also obligated himself to pay certain materialmen for materials furnished to the job, although these were to have been furnished by Wilcox under the contract. The payments to the workmen were apparently made through Wilcox and at his office. Although the attorney for the third party did not specifically request it, I assume from the nature of the examination and the argument of counsel before me, that he is, in effect, asking that the restraining order be vacated — the examination of the third party having been completed.

This motion for the vacatur of the restraining order is based upon two grounds: (1) No money is due to Wilcox at the present time under the terms of the contract, since the final payment was not to be made until the job was completed; (2) Wilcox had defaulted on his contract and no money will ever become due him, and, in fact, Wilcox might end up owing Keeher.

Before a subpœna or a restraining order can issue for the examination of a third party, the judgment creditor or his attorney must show by affidavit that he has reason to believe that the third party has " property " of the judgment debtor or is " indebted " to him. (Civ. Prac. Act, § 779.) It appears to me, from a reading of this section, that there must be a debt or property in existence before such subpœna or order can issue. Then, in the event there is a debt or the third party has property, the restraining order may prohibit the payment of moneys then due or to become due or which may thereafter be acquired. (Civ. Prac. Act, §§ 779, 781.) However, in my opinion, before there can be any restraint of any moneys to become due, there must be an obligation existing at the time the order is issued.

It is true that under subdivision 3 of section 779 of the Civil Practice Act, the order or subpœna shall not be vacated on any claim that the third party does not have property or is not so indebted. In my opinion, this prohibition applies before the examination is actually conducted. However, I think that this does not prohibit the vacatur of such subpoena or order after the examination and when it then becomes apparent that there is no debt or property in the hands of the third party.

In accordance with my ruling, it was incumbent upon the judgment creditor to show that the third party owed the debtor at least $10, since there is no allegation that there was any property in the hands of the third party. He attempted to do this by proof of the contract between Keeher and Wilcox. However, by its terms, the contract did not provide for the final payment until completion of the job.

The statement of the court in *Herrmann & Grace* v. *City of New York* (130 App. Div. 531, affd. 199 N. Y. 600) seems applicable (p. 535): " We think it plain that in the case of an entire contract for a lump sum there cannot be said to be any debts belonging to the contractor while the contract remains uncompleted * * * Whether it would ever become a debt depended upon the contingencies that the contractors would complete their work ". And, again, in *Kenney* v. *South Shore Natural Gas & Fuel Co.* (201 N. Y. 89, p. 93): " It has long been a feature of our procedure supplementary to execution that no summary order shall be made therein for the application of money or property to the payment of the judgment unless the judgment debtor's right to the immediate possession of such money or property is substantially undisputed." In the

case before me, the right to the money is disputed, and under the very terms of the contract, no payment would be due until the job is completed. To offset this, the creditor attempted to show that certain payments were being made to workmen and materialmen. These, however, were not being paid in accordance with the contract but pursuant to separate agreements between Keeher and the workmen and materialmen, even though Wilcox had some part in the payment of the workmen. It would go far beyond the province of supplementary proceedings for me to hold that no payments whatsoever could be made by Keeher to any person.

The dispute as to whether or not Wilcox breached his contract can only be determined in an action in which he appeared and defended. At first blush I thought that the remedies provided by section 795 of the Civil Practice Act would be applicable. Under this section, a plenary action may be maintained by a judgment creditor to determine the existence of a debt. However, the section only applies when it appears to the court that " A person or corporation *is* indebted to the judgment debtor ". (Italics mine.) Since I find that no debt exists at the present time to the debtor, the section offers no solution. It would seem that when there is some doubt as to whether or not a debt exists, the creditor should have a means of determining this fact. Therefore, section 795 of the Civil Practice Act might be more practicable, if it provided that a plenary action might be maintained when there is evidence satisfactory to the court that a debt may exist.

I realize that this opinion appears to be contrary to the ruling of the City Court of New York in *Matter of Dannenberg* v. *Leopold & Co.* (188 Misc. 250), where it was stated that if at the time of service, there was an existing contractual relationship between the judgment debtor and the third party under which moneys would subsequently become due, the subpœna or order might issue. I cannot agree with this decision if it holds specifically to that effect. There is some question whether this statement might have been dictum in view of the fact it seems to have been admitted there was a debt owing at the time. Sections 779 and 781 of the Civil Practice Act both provide in plain language that there must be a debt owing at the time of the order or subpœna and say nothing about a contractual obligation. To hold otherwise seems to go contrary to the actual wording of the statute. (Cf. *Matter of Kaufung* v. *Doric Shop, Inc.*, 170 Misc. 683.)

In accordance with the above, the restraining order is vacated.