Thomas A. Aurelio, J.
This is an application to punish a third party for contempt for allegedly violating a restraining order, or in the alternative to direct the third party to pay over the sum of $20,358.73 to the receiver pursuant to sections 794 and 796 of the Civil Practice Act.
The third-party respondent resists this motion and urges, among other contentions, that the service of the third-party subpoena did not create a lien and the restraining order was ineffective.
The moving papers reveal that a subpoena with a restraining clause was served upon the third-party respondent on November 13, 1957. At such time the third party, a bank, had an account in the name of Financial Consultants, Inc., the judgment debtor of petitioner herein. However, at such time the bank was not indebted to the judgment debtor since the account was overdrawn to the extent of $29.17.
Statutes authorizing and governing supplementary proceedings are in derogation of the common law and must be strictly construed. Unless every statutory requirement is met, jurisdiction is not acquired. The various provisions of the statute must be read together and any given provision must be read and construed with the remaining provisions of the statutes.
The petitioner-judgment-creditor contends that an account was in existence on November 13, 1957, whether overdrawn or not, and that he obtained a lien on all moneys thereafter *913 deposited by Financial Consultants, Inc., within two years from the service of the subpoena.
Although there is no appellate court decision cited, nor can any be found on research, a strict interpretation of section 781 of the Civil Practice Act requires that the third party have in its possession property or money belonging to the judgment debtor or is indebted to the judgment debtor under an existing contract to pay money at the time that the subpoena is served.
The mere fact that there is an account in the bank does not automatically put the bank in such category. Nor does the receipt of property or money of the judgment debtor after the subpoena is served meet the requirement if the first prerequisite is not met.
In Kaufung v. Doric Shop (170 Misc. 683); Grimm Bldg. Material Co. v. Wilcox (196 Misc. 966) and Matter of Lindenwald Bottling Corp. (23 N. T. Y. 2d 768), the courts held that before there be any restraint of any moneys to become due, there must have been an obligation existing at the time the order was issued.
There was no obligation running from the third party to the judgment debtor at the time the subpoena was served within the meaning of the statute. The third party could have refused further credit and not accept deposits.
The reasoning in the Kaufung v. Doric Shop case (supra) is logical. It is much stronger in the case at bar. Banking or other similar commercial institutions having dealings with thousands of people in a contract relationship would be overburdened with collateral matters if at the time of such contract they were required to check if restraint orders were on file.
In fact, section 779 of the Civil Practice Act requires that the judgment creditor have reason to believe that a third party has property of the judgment debtor exceeding $10 in value or is indebted to him in a like sum.
Obviously this requirement was not met by an overdrawn account.
Assuredly, the statute was not intended to cut off a judgment debtor from all business contracts, nor to require all business institutions to contract under the peril of prior restraining subpoenas. The requirement of the statute not having been met, no lien was created and the restraining order is ineffective. The other objections are not considered.
The motion is in all respects denied.