Habold J. Cbaweoed, J.
This is a motion by the judgment debtor to vacate a third-party subpoena served upon the judgment debtor’s bank, the Underwriter’s Trust Company.
The judgment debtor claims that the third-party subpoena affects two accounts in his bank, one, a regular account with a balance of $89.09, and, the other, a special account with a balance of $691.89 of which $633.89 are held by him for clients in his capacity as attorney, and thus are trust funds, and $58.09 belong to him. The judgment debtor claims that the third-party subpoena should not affect the funds in the special account which are being held in trust for others since they are not his property. Furthermore he requests that the sum in the special account of $58.09 which belongs to him and the balance in the regular account be given an exemption pursuant to section 792 of the Civil Practice Act since they represent his earnings for professional services and are necessary for the reasonable requirements of his family which is dependent upon him. He claims that his wife has been ill for a period of time which requires him to expend additional sums of money and, consequently, his monthly expenses exceed his monthly earnings.
*565 The judgment creditors, in opposition, argue that since the judgment debtor has submitted no corroborative evidence that the moneys in the special account are trust funds and do not belong to him an issue of fact exists which cannot be decided on affidavits. Furthermore, the judgment creditors argue that the judgment debtor is not entitled to an exemption pursuant to section 792 since the judgment debtor indicated at his examination in a supplementary proceeding that his net income was $8,700 per year and that the cost of his necessaries was $6,200 per year, leaving a balance of $2,500. Also, the judgment creditors argue that these revelations were made by the judgment debtor at a time when he was aware of his wife’s illness and that the afore-mentioned estimates were made with this knowledge. Thus the moneys in the accounts involved herein are not required for the judgment debtor’s necessaries.
A motion to vacate a third-party subpoena on the ground that the money being held by the third party does not belong to the judgment debtor is proper procedure. (See Wieser v. Gustafson, 61 N. Y. S. 2d 246.) However, the third-party subpoena should not be vacated before the examination of the third party (see S. K. P. Plumbing & Heating Supply Corp. v. Rainford, 208 N. Y. S. 2d 765), if there are issues of fact regarding the ownership of the property held by the third party (Trimble v. Beaudry, 9 A D 2d 695) or if a part of the property held by the third party belongs to the judgment debtor (see Sachs Quality Stores v. Williams, 203 N. Y. S. 2d 365; see, generally, Grimm Bldg. Material Co. v. Wilcox, 196 Misc. 966). Upon a motion timely instituted as mentioned above if a controversy develops with regard to the ownership of the moneys held by the third party, as in the case at bar, a hearing may be necessary to resolve the issue. (See Wieser v. Gustafson, supra.)
While the earnings of the judgment debtor for professional services rendered may be exempt to the extent necessary for the reasonable requirements of his family if dependent upon him, if the affidavits submitted are in conflict and the evidence insufficient to enable the court to make an informed determination, as in the instant case, a hearing will be required to resolve the issue. (See Rudley v. Rudley, 111 N. Y. S. 2d 665; see, also, Northeastern Real Estate Securities Corp. v. Goldstein, 266 App. Div. 965.)
It cannot be determined, however, from the papers submitted herein whether or not the third party has been examined. Thus, a final determination of the motion to vacate the third-party subpoena would be premature. Accordingly, the motion is denied without prejudice to renewal, if the examination has been com *566 pleted, upon a statement of proper proof with respect thereto or, if the examination has not been completed, upon completion of said examination. In connection therewith, the judgment creditors are directed to complete the examination of the third party within 30 days from the service of a copy of the order to be entered hereon with notice of entry.