Bertram Harnett, J.
Does being in the business of buying judgments work a violation of section 489 of the Judiciary Law? In saying “ yes ”, the court looks to the wording of the statute, its policy, and the nature of the activities involved.
In this case, Mrs. Sheila Blackman admits to being in the business of buying judgments. As part of her business activities, she bought, by assignment, “ for $1.00 and other good and valuable consideration ’ ’, a judgment against Alfred and Alice Bottenus, and then sought, pursuant to CPLR 5236, to execute on their home. The Bottenus moved in this proceeding to vacate Mrs. Blackman’s execution levy by claiming the judgment assignment to Mrs. Blackman was illegal under section 489 of the Judiciary Law. Mr. Justice Suozzi referred the matter to this court for hearing and determination of that issue.
A. THE STATUTE
Section 489 of the Judiciary Law appears in article 15 captioned “Attorneys and Counsellors”. In pertinent part it reads: ‘ ‘ Purchase of claims by corporations or collection agencies. No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, and no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, *584 bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon; provided however, that bills receivable, notes receivable, bills of exchange, judgments or other things in action may be solicited, bought, or assignment thereof taken, from any executor, administrator, assignee for the benefit of creditors, trustee or receiver in bankruptcy, or any other person or persons in charge of the administration, settlement or compromise of any estate, through court actions, proceedings or otherwise.” (Emphasis added.)
The statutory purpose is to forestall the unauthorized practice of law, to lessen the promotion of lawsuits by attorneys (sometimes whimsically characterized as “ champerty and maintenance ”), and to discourage the use of legal process to harass and embarrass debtors. (Fairchild Killer Corp. v. McDonald Douglas Corp., 28 N Y 2d 325; cf. Lee v. Community Capital Corp., 67 Misc 2d 699.)
B. ANALYSIS
There are three elements essential to a finding of present applicability of section 489 of the Judiciary Law. First, Mrs. Blackman must come within the statute by being engaged directly or indirectly in the business of collection and adjustment of covered instruments. Second, a judgment must be a covered instrument. Third, she must take the judgment for the purpose of bringing a ‘‘ proceeding ’ ’ on it. Let us peel these off one at a time.
1. A COLLECTION BUSINESS?
On the hearing, the Bottenus sought to establish a connection between Mrs. Blackman and her husband, whose interests included Community Capital Corporation. (See Lee v. Community Capital Corp., supra.) But, whatever those facts may be, there was insufficient proof in this hearing to place Mrs. Blackman in the collection or claim business by virtue of her husband’s activity, and the court so ruled from the Bench.
However, Mrs. Blackman’s own admitted business of buying judgments is another matter entirely. One who is in the business of, and makes her livelihood through, buying judgments necessarily buys to realize on the judgment claims. The business activity involves only the collection or adjustment of judgment claims. Nothing in the statute or in the policy reason suggests that the collection business must be limited to collecting someone else’s claims.
*585 In his interesting opinion in Lee v. Community Capital Corp., supra, Mr. Justice Lynde identifies the habitual judgment buyer as a “ professional collector ”. He properly singles out the practices of buying judgments for percentages of recovery, or nominal fixed sums, as professional collection practice. Here, Mrs. Blackman, who testified to and radiated business competence, did not recall how much she paid apart from $1.00 and other good and valuable consideration ’ ’. Even were her memory sharper, and some higher fixed figure than $1 recalled, the figure would, as a practical matter, reflect a substantial discount, since the implicitly risky activity is from the start designed to reward effective collection procedure.
Accordingly, Mrs. Blackman, in her business of buying judgments, comes within the statute as a “ person * * * engaged directly or indirectly in the business of collection and adjustment of claims
2. IS A JUDGMENT A COVERED INSTRUMENT UNDER SECTION 489?
The statute covers, among other items, assignment or purchase of “ things in action ” and “claims”. It is conceded that Mrs. Blackman is a purchaser-assignee of the judgment against the Bottenus.
A “ thing in action ” is a right to recover money by legal proceeding. (Black’s Law Dictionary [4th ed., 1968], p. 1649.) It must be a very close relative of the famous chose in action.
A judgment is a right to recover money, and there are legal enforcement provisions to back it up. It comes within the statutory “ thing in action ” characterization. (See Fay v. Hebbard, 42 Hun 490, 492; Roslyn Sav. Bank v. Jones, 69 Misc 2d 733.) Moreover, the statute also covers “ any claim or demand ”. It could scarcely be denied that a judgment is a “ claim ”; indeed as against most persons it is a superior kind of claim to have.
The statute itself seems to provide the key, although not directly. In the ‘ ‘ provided ’ ’ clause of that first long sentence, the word “ judgment ” is used in the phrase “ judgments or other things in action ’ ’, relating judgments to things in action by associative enumeration. In addition, the “ provided ” clause expressly permits the buying or taking by assignment of ‘ ‘ judgments ” from certain specified estates. Unless judgments were within a statutory prohibition in the first place, this clause providing a permissible exception for these particular judgments would make no sense. This is precisely the reasoning employed by the majority of the Appellate Term, Tenth Judicial District in Blackman v. Pincus, N. Y. L. J., Jan. 26, 1972, p. S15, col. *586 3. Ironically, this case found, on its facts, that the same Mrs. Blackman was engaged ‘ ‘ in the collection business, at least indirectly, with her husband, and that she purchased [that] judgment ” within the meaning of section 489 of the Judiciary Law.
3. ‘ ‘ FOB THE PURPOSE OF BRINGING AN ACTION OR PROCEEDINGS THEREON ”
For section 489 to be applicable, the judgment must be taken “ for the purpose of bringing an action or proceeding thereon ”,
There is no actual statutory definition of “ proceeding ” in the CPLR. The conjunction in section 489 of action or proceeding suggests more than an action. The word is not restricted to “special proceeding” since “action” includes “special proceedings ’ ’. (CPLR 105, subd. [b].) They are both under ‘ ‘ Form of civil judicial proceedings ” as used in CPLR 103.
The court believes that “proceedings” is broad enough to cover proceedings described in article 52 of the CPLR to enforce judgments. These are incidental to court-derived judgments or rights; they are subject to court scrutiny, sanction and enforcement. At various times they are touched by court action. Court procedures sandwich their origination and enforcement. CPLR 5221 of article 52 is in fact captioned ‘ ‘ Where enforcement proceeding commenced ”, and CPLR 5240 uses the expression enforcement “ procedure ”.
The “ Supp Pro ” of creditor renown is itself a common nickname for the phrase “ supplementary proceeding”. (CPLR 5224; Oates v. Oates, 33 A D 2d 133; Matter of Douglas v. Fassoulis, 17 Misc 2d 911.) Judgment executions are lawyers’ work, and intimately related to court and official process.
The cases have accepted the view that acquiring a judgment for execution is a condemned purpose. (Blackman v. Pincus, supra; Lee v. Community Capital Corp., 67 Misc 2d 699, supra; cf. Roslyn Sav. Bank v. Jones, 69 Misc 2d 733, supra.)
4. CONCLUSION
In all, Mrs. Blackman by virtue of being in the business of buying judgments is covered by section 489 of the Judiciary Law, the judgment against the Bottenus is a “ thing in action ” or “ claim ”, and it was taken by Mrs. Blackman for the purpose of bringing a “ proceeding ” on it. Section 489 is a penal statute which prohibits such a practice. Any transaction coming within the statutory prohibition is void as a matter of public policy concomitant to the criminal sanctions imposed upon the perpetrator. (See Lanvin Parfums v. Le Dans, 9 N Y 2d 516.) The *587 wrongdoer may not reap the benefit inuring from an illegal act. Accordingly, the assignment of the judgment to Mrs. Blackman being void as against public policy, any execution by her as assignee of that judgment, and in particular the real property execution at issue here, is likewise void. (Lee v. Community Capital Corp., supra, p. 701; see Caristo Constr. Corp. v. Diners Fin. Corp., 45 Misc 2d 549.)
In the course of argument, it has been asserted that the statute was meant to avoid improper litigation. Therefore, it is argued that the statute cannot apply to a judgment since judgments come after litigation is over. However, this overlooks the fact that proceedings of various kinds follow judgments. Moreover, the considerations of using the attorneys’ edge are part of the statutory vice, as is the use of legal process to harass. The essential policy considerations of section 489 apply fully to the case at bar.