■ ALFRED BOTTENUS et al., Respondents, v. SHEILA BLACKMAN, Appellant, et al., Respondent.— In this proceeding pursuant to CPLR 5239 against the assignee of a judgment creditor to vacate an execution upon the judgment and to void a levy, under the execution, upon real property owned by petitioner Alice Bottenus, the assignee appeals from a judgment of the Supreme Court, Nassau County, dated November 30, 1972, which, after a hearing, granted the application. Judgment dated November 30, 1972 reversed, on the law and the facts, with costs, and proceeding dismissed on the merits. An unsatisfied judgment against petitioner Alfred Bottenus was purchased by appellant, Sheila Blackman, who then proceeded to have execution issued thereon. In the course of subsequent events, a stipulation was entered into providing, *inter alia*,

that the execution would be held in abeyance pending certain installment payments by said petitioner to appellant and that, in the event of default, appellant would be permitted to proceed to enforce the execution. Petitioner Alfred Bottenus defaulted and appellant had the respondent Sheriff give petitioner Alice Bottenus a notice to sell her real property, a home occupied by both petitioners and their child. Special Term, in a memorandum decision (*Bottenus v. Blackman*, 71 Misc 2d 583), found that Mrs. Blackman was engaged in a collection business, that a judgment is a covered instrument under section 489 of the Judiciary Law, that she had purchased the judgment for the purpose of bringing an action or proceeding thereon and that therefore the assignment of the judgment and the execution are void. In our opinion, upon the entire record, the actions of appellant were not in violation of section 489 of the Judiciary Law. We have indicated that the problem here presented is one for legislative action (*Concord Landscapers v. Pincus*, 41 A D 2d 759). In any event, we feel that by virtue of the above-mentioned stipulation, petitioners consented to the actions taken by appellant and, in the absence of evidence of fraud surrounding the circumstances under which the stipulation was entered into, the stipulation should be given its full intendment. Hopkins, Acting P. J., Shapiro and Brennan, JJ., concur; Christ and Benjamin, JJ., concur under restraint of *Concord Landscapers v. Pincus* (41 A D 2d 759). [71 Misc 2d 583.]