■ THERESA WOLFF et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 72866.)—In this medical malpractice claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Silverman, J.), entered September 17, 1986, which granted the State's motion to dismiss the claim.

Ordered that the order is reversed, without costs or disbursements, and the motion to dismiss the claim is denied.

The claimant Theresa Wolff's gall bladder was removed in February 1985 at the respondent's hospital. In March 1986 she complained of pain radiating from the prior surgical incision. A second surgical procedure to remove wire stitches was performed. Both surgeries were performed by the same doctor. Discharged on March 9, 1986, the claimant Theresa Wolff filed a claim on May 5, 1986, in which she alleged malpractice because "surgical staples and stitches were left inside the claimant" at the time her gall bladder was removed.

The respondent moved to dismiss the claim as untimely pursuant to CPLR 3211. In response the claimants neither identified the theory on which they relied to support their argument that the claim was timely nor did they specifically refer to the second hospitalization. The respondent in reply attached discharge summaries of both hospitalizations. The Court of Claims granted the respondent's motion solely on ground that the claim was untimely.

In determining the motion, the discharge summary supplied by respondent was considered *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Since the discharge summary of March 1986 clearly refers to the prior operation in February 1985 and states that the claimant Theresa Wolff was admitted on the second occasion upon her complaint of pain radiating from the incision resulting from the first operation, a course of continuous treatment was established *(see, McDermott v Torre,* 56 NY2d 399; *Borgia v City of New York,* 12 NY2d 151, 156-157).

It is further required as a matter of law that the interval between the treatments not exceed the period of limitation provided for claims to be made *(see, Blythe v City of New York,* 119 AD2d 615, 618, *lv denied* 69 NY2d 604). Court of

Claims Act § 10 (3) requires that when the claimant begins the action by filing a claim, it must be filed within 90 days of the accrual of the claim. Although filing a claim is a jurisdictional requirement *(Greenspan Bros. v State of New York,* 122 AD2d 249), failure to file within 90 days is not an absolute bar to the institution of a claim since Court of Claims Act § 10 (6) provides that a claimant may file a late claim to recover damages for medical malpractice if an application to file a late claim is made within 2½ years, the period of limitation provided in CPLR 214-a *(cf., Liberty Mut. Ins. Co. v. State of New York,* 121 AD2d 694, 695).

As a result of the continuous treatment, the 90-day filing requirement of Court of Claims Act § 10 (3) was extended to the date of the claimant Theresa Wolff's discharge on March 9, 1986, so that the claim filed on May 5, 1986 was timely *(see, McDermott v Torre, supra).* Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.