OPINION OF THE COURT
Edwin Margolis, J.
This motion is brought pursuant to section 10 (6) of the Court of Claims Act. The proposed claim, which is attached to the moving papers and which satisfies the requirements of Court of Claims Act § 11, alleges that on three occasions in *301 the spring of 1988 the New York State Department of Social Services paia rams of money to 1055 Pharmacy, Inc. (hereinafter 1055), a Med icaid provider, in violation of a restraining notice to garnishee which had been served on the Department by claimant on June 9, 1987. The motion is being made approximately oí a; year áfter the accrual of the cause of action, and an afiqn asserting a like claim against a citizen of the State won) hot be barred by the applicable Statute of Limitations.[1] (Ce rt of Claims Act § 10 [6]).)
Of th several statutory factors which the court must assess in rv"ug on an application such as this, the most critical— and fio. this instance determinative — factor is whether the proposed claim has sufficient apparent merit to warrant granting die requested relief. It would be futile to permit a legally deficient claim to be commenced through an exercise of the court’s discretion (see, Prusack v State of New York, 117 AD2d 729; Glassman v Letchworth Vil. Developmental Center, 104 Misc 2d 755).
1055 Pharmacy, Inc. was a retail drug store which purchased goods from claimant but failed to pay certain sums due in 1987. A default judgment against 1055 in the amount of $100,992.67 was obtained by claimant on May 29, 1987. Because 1055 had been enrolled as a Medicaid provider, claimant served a restraining notice on the Department of Social Services on June 9, 1987. (CPLR 5222.) On June 24th an employee of the Department informed claimant’s then-counsel that there was no money due or to become due to 1055 and returned the restraining notice. (See, Matter of Douglas v Fassoulis, 17 Misc 2d 911.) At some later date, prior to June 20, 1988, claimant’s counsel learned that the Department had in fact made payments of approximately $90,000 to 1055 during the calendar year after service of the restraining notice. A protest was made to the Department and, while it did not deny that such payments were made, the Department took the position that the restraining notice was a nullity *302 because, at the time that it had been served, no.- money was due or owing to 1055.[2]
In opposition to the instant motion defendant argues that the proposed claim is patently meritless because, as a matter of law, service of the restraining notice was defective, in that it was not served on the State Departmeint of Audit and Control in addition to the Department ’of ¡Social Services. CPLR 5222 expressly requires that service of a restraining notice on "a department or agency of the state” ie to be made by serving the department head (or his designated agent) and the State Department of Audit and Control. Claimant concedes that the restraining notice was not served on the Department of Audit and Control but argues that the legal effect of this failure is unknown and that the defect is in the nature of an insignificant defect in service which would not automatically deprive the proposed action of merit. We disagree.
It is true that there appears to be no decisional law regarding the efficacy of a restraining notice that was served on the applicable State agency but not on the Department of Audit and Control (or vice versa). However, the statutory requirement that Audit and Control be served is clear and unequivocal. It is an elementary rule of statutory construction that effect must be given, if possible, to all parts of a statute so that no párt will be inoperative or superfluous. (2A Sutherland, Statutory Construction § 46.06 [4th ed]; McKinney’s Cons Laws of NY, Book 1, Statutes § 231.)
In addition, the requirement that Audit and Control be served has critical, practical consequences on a judgment creditor’s ability to obtain moneys from the State by use of a restraining notice. In a supplemental affidavit, William Gerard, head account clerk of the Department of Audit and Control, the individual whose duty it is to docket and file restraining notices served on the Department, states that when he receives such a notice, his practice is to verify whether a service contract exists between the State and the judgment debtor and to determine if the restraining notice complies with the requirements of CPLR 5222. If there is an existing contract and the notice is in order, he places the *303 notice in the contract file. If and when the contracting agency subsequently issues a payment voucher in the name of the debtor, Mr. Gerard gives full legal effect to the restraining notice, as long as it has not expired or been invalidated. It is apparent from Mr. Gerard’s affidavit that there would and could be no payment to the judgment creditor unless a copy of the restraining notice was in the Department of Audit and Control’s contract file.
Claimant’s error, therefore, was much more significant than, for example, a mere defect in service for which recourse to a motion to vacate the restraining notice would be the proper response. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222.9, at 194.) We hold that failure to comply with the express statutory requirements of CPLR 5222 regarding proper service of a restraining notice on the State by completely neglecting to serve the Department of Audit and Control is a "substantial” defect which renders the notice a nullity. (See, 6 Weinstein-KornMiller, NY Civ Prac [f 5222.10; Weinstein v Gitters, 119 Misc 2d 122.) Consequently, the proposed claim is meritless and it would be an abuse of discretion to allow it to be filed. In light of the foregoing, it is not necessary to reach the issue of whether, at the time of service of the restraining order, the State owed a debt to 1055.
Claimant’s motion is denied.

. Although a cause of action for money damages against a garnishee who negligently fails to honor a restraining order has been recognized (Mazzuka v Bank of N. Am., 53 Misc 2d 1053; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222.10, at 195), the court is not aware of any case determining the applicable Statute of Limitations. However, such an action would logically be governed either by CPLR 213 (six years; applicable to actions for which no limitation is stated and implied contract) or CPLR 214 (three years; applicable to actions to recover on statutory liability). Thus, this action would not be time barred if claimant were suing a private individual.

. An affidavit explains that, prior to service of the restraining notice, 1055’s Medicaid provider account had been terminated and all pending claims denied. Sometime later — after the restraining notice had been served and returned by the Department — 1055 was reinstated as a Medicaid provider, resubmitted the claims that had previously been denied, and received payment on those claims.