OPINION OF THE COURT
Gerard M. Weisberg, J.
As alleged in the papers, on October 24, 1988, claimant, The Syndicate Building Corporation, recovered a judgment in the Civil Court of the City of New York, County of New York, against Joseph Joyner, Jr. doing business as Mercury Composition doing business as Royal Printing & Design (the judgment debtor) in the amount of $26,183.70. Claimant thereafter learned that the judgment debtor was doing business with Hunter College, a senior institution of the City University of New York (CUNY). It served the latter with a so-ordered restraining notice with information subpoena and questionnaire on April 13, 1989. It is further alleged that claimant did not receive defendant’s response to the information subpoena until May 19, 1989. It was then that claimant first learned that on or about April 18, 1989 defendant had transferred $8,080 to the judgment debtor in apparent violation of the restraining notice. This claim against CUNY seeking damages in such sum was filed on November 20, 1989. Jurisdiction is vested in this court over this matter by virtue of Education Law § 6224.
Defendant has moved for summary judgment dismissing the action on the dual grounds that the claim is late and that it fails to state a cause of action. Claimant, in addition to opposing the motion, has cross-moved for permission to file a late claim pursuant to Court of Claims Act § 10 (6).
As to timeliness, CUNY asserts that the claim accrued no later than May 1, 1989 when the judgment debtor cashed the check. While it maintains that claimant’s cause of action *494 sounds in tort, defendant argues further that even if Court of Claims Act § 10 (4) applies, the claim was not filed within six months of such date. It is therefore late.
Claimant responds that Court of Claims Act § 10 (4) is the applicable subdivision because it controls with respect to "any other claim not otherwise provided for by [section 10].” Since a cause of action predicated on the violation of a restraining notice is not specifically mentioned in section 10, in claimant’s view it is not otherwise provided for and section 10 (4) must apply. In addition, claimant argues that the claim accrued on May 19, 1989 when it first learned that CUNY had violated the restraining notice. Six months thereafter fell on November 19, 1989. Since that was a Sunday, claimant concludes that the filing on November 20, 1989 was timely pursuant to Court of Claims Act § 10 (4). (See, General Construction Law §20.)
We disagree. While it is true that nowhere in section 10 is a cause of action for the violation of a restraining notice set forth in haec verba, neither are the torts of nuisance, malpractice nor for the violation of statutory rights, just to mention three. Yet all of these have been held to be subject to the 90-day time limit set forth in Court of Claims Act § 10 (3). (See, e.g., Wolff v State of New York, 137 AD2d 684; Brown v State of New York, 125 AD2d 750, lv dismissed 70 NY2d 747; Sperry v State of New York, 50 AD2d 618, affd 40 NY2d 997.) That subdivision provides in pertinent part: "A claim to recover damages for injuries to property or for personal injury caused by the negligence or unintentional tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim”. The case law is clear that the violation of a restraining notice sounds in tort. (Mazzuka v Bank of N. Am., 53 Misc 2d 1053.) More specifically, absent a criminal intent, the cause of action is one for negligence. (Security Trust Co. v Magar Homes, 92 AD2d 714.) To accept claimant’s argument, we would have to disregard an entire body of established law. In other words, if the failure to mention restraining notice causes of action rendered Court of Claims Act § 10 (4) applicable, the same would have to be true of all the other nonspecifically mentioned torts. The authorities cited above, however, are to the contrary. Thus, even assuming an accrual date which *495 claimant has suggested,[1] since the claim was filed more than 90 days thereafter, it is late. It must therefore be dismissed. (Byrne v State of New York, 104 AD2d 782, lv denied 64 NY2d 607.)
With respect to claimant’s application pursuant to Court of Claims Act § 10 (6), CUNY opposes the relief on two grounds: that the Statute of Limitations has expired, rendering the requested relief unavailable (Court of Claims Act § 10 [6]), and that granting the motion would be an idle gesture because the proposed claim[2] fails to state a cause of action.
As to the first argument, the Assistant Attorney-General suggests that some unnamed employee of CUNY intentionally violated the restraining notice. Assuming, arguendo, that the Statute of Limitations for the intentional violation of a restraining notice is, as defendant assumes, one year (but cf., CPLR 214 [Statute of Limitations for conversion is three years]), we find defendant’s unsubstantiated speculation as to the criminal intent of one or more unnamed employees to be incredible. In the absence of any proof, or even an offer thereof, we reject, at least for the purposes of this motion, the contention that CUNY’s alleged violation of the restraining notice was intentional. Since the Statute of Limitations for negligence is three years (CPLR 214), the application under Court of Claims Act § 10 (6) is timely.
As to whether the claim states a cause of action, the issue is more difficult. Defendant correctly points out that CPLR 5222 requires that to be effective a restraining notice served on the State or one of its agencies must also be served on the State Department of Audit and Control. In the only reported decision to discuss this requirement (Remo Drug Corp. v State of New York, 145 Misc 2d 300), Judge Edwin Margolis of this court found that the reason for this rule is a practical one: since requests for payments are processed through that office, requiring the restraining notice to be on file there insures that someone in the disbursement chain will be aware of its *496 existence. Failure to comply with this requirement was therefore held to be fatal to an action against the State for violating the notice.
The garnishee in Remo (supra), however, was a State agency. Defendant argues that since "for financial purposes, the senior colleges of the City University are treated as if they were State agencies, Education Law § 6201, et seq. ” the same rule and result should obtain here. While we have not been directed to nor found any authority which addresses this question, we think CUNY paints with too broad a brush.
First, nowhere in the cited sections of the Education Law is CUNY explicitly denominated as a State agency. While as of 1979 the State did assume the financing of senior CUNY colleges (see, mem of Governor on approving L 1979, ch 305, 1979 McKinney’s Session Laws of NY, at 1788), a stated legislative intent behind the CUNY reorganization was in part to maintain it as "an independent system of higher education governed by its own board of trustees”. (Education Law § 6201 [2].) To that end, although the State funds and/or makes payment on behalf of CUNY with respect to many categories of expenses (see, e.g., Education Law §§6205, 6220, 6224), it does not necessarily do so in all circumstances. For example, the operating expenses of senior colleges of CUNY are to be prefinanced from City of New York funds (Education Law § 6221) and Education Law § 6206 (10) provides that "[m]oney appropriated by the city to the board of trustees for college or university purposes, shall be placed in the custody of the comptroller of the city to the credit of such board of trustees and all disbursements from such funds shall be made by the comptroller acting for and in behalf of such board of trustees”. (Emphasis added.) Moreover Education Law § 6218 (i) provides: "Notwithstanding any of the provisions of this section, the board of trustees may make purchases, when available, through the state of New York, the city of New York or the board of education of the city of New York, provided that the board of trustees shall accept sole responsibility for any payment due the vendor.”
Thus, it appears that on at least some occasions CUNY either acts as its own disbursing agent or the Comptroller of the City of New York acts in that role. In either case, payments do not flow through the office of the New York State Department of Audit and Control. Under such circumstances, serving a restraining notice on such office would be an idle gesture. We will not by judicial fiat rewrite the word "State” *497 to read “the State or senior colleges of CUNY” when the amendment would accomplish nothing, other than to deprive the claimant of its property. Whether such an interpretation would be required in another case, such as where the State was making payment on CUNY’s behalf, is an issue which we need not decide today.
Here, claimant has made a preliminary showing that Hunter College was issuing its own checks to the judgment debtor. In the absence of evidence to the contrary, we accept this finding for the purposes of this motion. Under such circumstances, there was no requirement that the restraining notice has been served on the State Department of Audit and Control. The claim therefore alleges a cause of action and has the appearance of merit. (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1.)
The court having reviewed the other factors enumerated in Court of Claims Act § 10 (6), finds the majority of them to favor the claimant: clearly defendant had notice of the essential facts within 90 days of the occurrence, had an opportunity to investigate what happened and therefore will suffer no prejudice through the allowance of the late filing of this claim. Inasmuch as the judgment debtor is apparently judgment proof, the claimant has no other available remedy.
Upon the foregoing, defendant’s motion for summary judgment dismissing the claim as late is granted as is claimant’s cross motion to file a late claim. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979.)

. We therefore need not and do not now reach the question of when this claim accrued.

. While the proposed claim was not annexed to the motion papers as required by Court of Claims Act § 10 (6), we understand the application to be addressed to claimant’s preexisting, though untimely, claim. Since the document to be filed if the motion is granted is before the court and known to the defendant, the purpose of the requirement has been satisfied. In any event, defendant failed to raise the defect. (Barbera v State of New York, 64 AD2d 786.)